BARKER *vs.* MECHANIC FIRE INSURANCE COMPANY OF THE CITY OF NEW-YORK.

*An insurance Company may make a valid promissory note, which will be held good until the contrary be shewn.*

*A note, by which J. F. as president of an insurance company, promises to pay a sum*

DEMURRER to declaration. The first count of the declar-ation set forth that the Mechanic Fire Insurance Company of the city of New-York was a body corporate and politic in fact and in name; and being such body corporate and politic, and one John Franklin being the president of said company, and being thereunto duly authorised, and acting within the scope of the legitimate purposes of the company, on the 1st July, 1823, at, &c. made a certain promissory note, and

*certain, is not the note of the company, but of the maker alone.*

then and there delivered the same to the president and direc- tors of the Life and Fire Insurance Company; by which said note the said John Franklin, as president as aforesaid, prom- ised to pay to the order of the president and directors of the Life and Fire Insurance Company on demand the sum of $3172,40, with interest, for value received. The count then proceeded to state that the said Life and Fire Insurance Com- pany then and ever since being a body corporate and politic in fact and in name, by the name of the Life and Fire Insur- ance Company, and one Joseph Swift being the assistant president, and one Matthew L. Davis being the secretary of the said Life and Fire Insurance Company, and they the said Joseph Swift and Matthew L. Davis being thereunto duly authorised, and acting within the scope of the legitimate pur- poses of the said company, afterwards, &c. on the same day and year, and at, &c. aforesaid, endorsed the said note, and by that endorsement, ordered and appointed the contents thereof to be paid to the plaintiff, and delivered the note so endorsed to the plaintiff, of which the defendants had notice ; by rea- son, &c. To this count, the defendants demurred, and the plaintiff joined in demurrer.

*S. Cowdrey*, for defendants. The note is void. The de- fendants had no authority to issue negotiable paper. (2 Johns. R. 109. 15 id. 358.) The note declared on is not a note of the *defendants*, but of *John Franklin*, whereby *he*, as president of the company, pro mised to pay, &c. If an act be done by an agent for his principal, it must be averred to have been done for the principal, or the agent only is bound. (Com. Dig. Attorney c, 14. 2 Ld. Raym. 418. 6 Johns. R. 96. 9 id. 334. 11 Mass. R. 27. 12 id. 173. 5 id. 299. 6 id. 58. 7 Cowen, 454.)

The note was not endorsed by the *payees*. It is stated to have been made payable to " the president and directors of the Life and Fire Insurance Company," and the endorsement is by the agents of " the Life and Fire Insurance Company," averred to be a body corporate. The endorsement, there- fore, is not by the *payees* of the note. But if the terms used embrace the payees, they had no authority to endorse nego-

*(margin)* UTICA, August, 1829.

Barker
v.
Mechanic Ins. Co.

UTICA,      tiable paper. (Statutes, vol. 6, p. 177 b.) Besides, it was
August, 1829. not negotiable. The act concerning promissory notes, (1 R.
Barker       L. 511,) makes *negotiable*, notes made and signed by any
v.           *person* or by a *factor or agent of any merchant or trader* usually
Mechanic Ins. entrusted therewith. It has been decided that a corporation
Co.          will be regarded as a person in law ; but it has not been ad-
judged that a corporation can be regarded as a merchant or
trader. The note declared on was the note of the *agent* of
the Mechanic Fire Insurance Company.

*D. Selden & S. A. Foot*, for plaintiff. A corporation has a
·right to make a note for any legitimate purpose. On its face
therefore, the declaration is good. It is averred that in mak-
ing the note, the corporation acted within the scope of the le-
gitimate purposes of the company ; but this was superfluous·
If given for an illegal object, it may be shewn on the trial. (7
Cowen, 540. 2 id. 676.)

As to the manner of setting out the note, it is optional to
set out the facts, or the conclusion of law upon the facts. (1
Chitty, 302. 6 T. R. 662. 2 Burr. 1188.) Besides setting
out the note, here is an express promise to pay. (Chitty on
Bills, 357. 1 Salk. 128. 2 Camp. 450.) If the note was
illegally or irregularly made or endorsed, the subsequent
promises binds the makers, and the note will be considered the
consideration of the promise.

The statutes incorporating those companies authorise the
transaction of their business by agents ; (Statutes, vol. 5, p·
134 a, and vol. 6, 177 b. ;) and the court will infer the acts
done within the scope of the authority conferred, until the
contrary is shewn. (3 Cowen, 684.)

A corporation may bind itself by a promise without seal
and is liable to an action thereon. A promise by a principal
to pay the note of an agent may be enforced. The plaintiff is
the *bona fide* holder of a negotiable note, and entitled to re-
cover, unless notice brought home that the note was illegally
made.

*D. B. Ogden*, in reply. The statute incorporating the
company, prescribes the mode in which its contracts shall
be executed. They must be signed by the president and

counter-signed by the secretary. The act is a public act, and every citizen is bound to know its provisions. The plaintiff, therefore ought not to have taken a note not duly executed. The company was incorporated to affect insurances, not to issue notes ; the issuing of a note, therefore, not being within the scope of its ordinary powers, should be held unlawful, unless the peculiar circumstances inducing the act are shewn, so that the court may judge whether justifiable or not. If the defendants were authorised in making the note, the *payees* had no right to invest their funds in such securities, and put them into circulation by indorsement. The promise of a principal to pay the note of his agent, if given in the character of agent, is good, but the note here is that of an individual, and the promise of the company is void by the statute of frauds. Besides, there is no special promise averred.

*By the Court*, SAVAGE, Ch. J. Several objections are raised to the sufficiency of the first count of the declaration : 1. That the defendants had no authority to make a promissory note ; 2. That the note described is the note of John Franklin, and not of the defendants ; 3. That it is payable to the president and directors of the Life and Fire Insurance Company, and endorsed by the assistant president and secretary, in their own names ; and 4. That the Life and Fire have no authority to endorse negotiable paper.

1. It has been decided, that a corporation is liable upon contracts not under seal, made by their authorised agents, (12 Johns. R. 230,) and upon an implied assumpsit. (14 Johns. R. 118, 19 id. 65,) and also upon a promissory note, (1 Cowen, 513.) It is averred in the declaration, that the corporation in making the note, were acting within the scope of the legitimate purposes of their incorporation ; upon the face of the declaration, therefore, the court cannot say that the defendants can not make a valid promissory note. If they can make a valid promissory note for any purpose, this note must be held good till some cause shall be shewn why it is not so. By the act of incorporation of the defendants, (Statutes, vol. 5, p. 131 a.) they are authorised

to make contracts of insurance, but they cannot use their funds in any banking operations. They cannot, therefore, make a note intended for circulation as bank paper; but I am not prepared to say that they may not give a note for many purposes, as for office rent, for the payment of a loss, for the payment of their officers, or agents or servants employed by them, and for other considerations. If a note has been given which is unauthorised by law, that should be shewn in the defence.

2. It is said, that the note described in the declaration is the note of John Franklin, not of the defendants. The averments in the count are; That the defendants are a corporation, and one John Franklin being president thereof, and being authorised and acting within the scope of the legitimate purposes of the corporation, on the 1st July, 1823, made a promissory note, and delivered the same to the president and directors of the Life and Fire Insurance Company, by which the said John Franklin, as president aforesaid, promised to pay to the order of the president and directors of the Life and Fire Insurance Company, on demand, the sum of $3172,40 with interest, for value received. From this description the note must be in the following form: "I John Franklin, president of the Mechanic Fire Insurance Company, promise to pay to the order of the president and directors of the Life and Fire Insurance Company, on demand, the sum of $3172,40, with interest for value received. John Franklin." Or it may be in this form: "I promise to pay to the order of the president and directors of the Life and Fire Insurance Company, on demand, the sum of $3172, 40, with interest for value received. John Franklin, president of the Mechanic Fire Insurance Company." In neither form can this be said to be the note of the company. In *Taft* v. *Brewster*, (9 Johns. R. 334,) the defendants, by the name and description of J. B., T. L. and J. C., trustees of the Baptist society of the town, &c. acknowledged themselves to be bound, &c. The court said, "It is not the bond of the Baptist church. The addition of trustees to the names of the defendants is in this case a mere *descriptio personarum*." In *White* v. *Skinner*, (13 Johns. R. 307,) the con-

tract was in the name of R. S., W. R. and A. H., as direc-
tors of the Granville Cotton Manufactory, and signed, "For
the directors, Reuben Skinner." The court said it was Skin-
ner's individual contract. He should have averred and prov-
ed his authority from his co-directors. In this case there is
an averment that the president was lawfully authorised ; but
it does not appear that he has acted under the authority; he
does not say that he signs *for the company ;* he describes him-
self as president of the company, but to conclude the com-
pany by his acts he should have contracted in their name, or
at least in their behalf. In *Stone* v. *Wood,* (7 Cowen, 453,)
the defendant described himself " as agent of J. and R. Ray-
mond," but he did not contract in their name : and it was
held he was personally liable. So here, though the presi-
dent, according to the averment in the count, had authority
to make a note for the defendants, yet he does not appear to
have done so, in a manner to be obligatory upon them. It
is unnecessary, therefore, to inquire whether the note was
endorsed in such a manner as to authorise an action in the
name of the endorsee.

The defendants are entitled to judgment on the demurrer,
with leave to the plaintiff to amend on payment of costs. '