By the Court,

Bronson, J.
This company was created “for the purpose of raising and smelting lead ore, or galena,” and it has the same general powers as other corporations. {Statutes of 1837, p. 441, § 1, 8.) A corporation, although not specially authorized to contract in that form, may make a promissory note for a debt contracted in the course of its legitimate business. (Mott v. Hicks, 1 Cowen, 513. Barker v. Mechanics' Fire Ins. Co. 3 Wendell, 94.) (a) As against the company, the judgment is conclusive evidence that the note was valid; and- although the defendant was not directly a party, yet, as a stockholder, he was not altogether a stranger to the judgment. As against him, I think the declaration makes out a prima facie case of indebtedness by the company. (Slee v. Bloom, 20 John. *268 H. 669.) Whether he is at liberty to impeach either the note or the judgment on any other ground than that of fraud, is a question which we are not now called upon to decide.
In the absence of any suggestion to the contrary, it is but reasonable to presume that the debt was contracted at the time the note was made; and then the averment in the declaration is, in substance, that the defendant was a stockholder at the time the debt was contracted. As such stockholder, the plaintiff insists that the defendant is liable ; while on the other side it is contended that the statute only charges those who are stockholders at the time the suit is commenced. The plaintiff has brought his case within the tenth section of the statute, and .the only question is upon the ninth. . I think it was the intention 'of the law makers to charge those persons who were stockholders at the time the debt was contracted; and not those who became stockholders at any subsequent period. Such is the most natural and obvious meaning of the language. If we omit those words which do not affect the present inquiry, the first branch of the section will read as follows : The stockholders shall be personally liable for all debts contracted by the corporation. Stockholders are here mentioned in connection with the contracting of the debt; and the legislature seems to have had in mind such persons as were then members of the company, and not such as might become members at a future period. The remaining branch of the section does not necessarily lead to a different conclusion: Any person having any demand against the corporation, may sue any stockholder and recover the same. The stockholder mentioned here, is such an one as had been before declared personally liable, to wit, a stockholder at the time the debt was contracted.
I do not intend, however, to lay much stress upon the particular wording of the section, for it must be admitted that the statute may be so construed, without doing any violence to the language, as . to make it apply to those persons who are stockholders at the time the suit is commen *269 ced. Bat if we look at the nature of the case and the general scope of the act, it will go far to confirm that interpretation which fixes the personal liability upon those who were stockholders at the time the debt was contracted. Certain persons who are about to engage in the hazardous business of mining, apply to the legislature for an act of incorporation; and the response, is, we will give you and your associates a corporate capacity for the purpose of facilitating the transaction of business, but it must be without the us.ual exemption of the stockholders from personal liability for the debts of the company. If the corporation, in whose name the business will be transacted, contract debts, you must be personally liable for the payment of those debts in the same manner as though you had gone on with the business as a voluntary association or partnership. And as there may be a great number of associates, and creditors may be embarrassed in bringing their actions, we will make the case in one respect more onerous than a common partnership, by allowing the creditor to sue any one, as well as all of the stockholders—“ the stockholders shall be jointly and severally personally liable.” Upon this construction, the statute will, I think, best answer the end which the legislature had in view. In Allen v. Scwall, (2 Wend. 327¡) the words of the statute were, that “the members of the company shall be liable individually;” and Savage, Ch. J. said, “it was the intention of the legislature to put the defendants [stockholders] upon the same footing as to liability as if they had not been incorporated. Individual liability in the act must be understood in contradistinction to corporate liability ; and the defendants must therefore be held responsible to the same extent, and in the same manner, as if there was no act of incorporation.” Judgment was rendered in accordance with the opinion of the chief justice; and although that judgment was afterwards reversed, (6 Wend. 335,) it was upon a ground which did not touch the doctrine .we have been considering.
If the stockholders may be charged as partners, or, what *270 is the same thing, as though there was no act of incorporation, it follows, of course, that those, and those only, are liable who were members of the company at the time the debt was contracted. The construction which charges them, is the one best calculated to render exact justice to both parties. A man who purchases stock, and comes into a corporation after it has been engaged in business, may often be deceived in relation to the number and magnitude of its debts. But while he is a stockholder, he can know something about the extent of obligation contracted by the company, and is not wholly without the means of exerting an influence over those who manage its concerns. And as to those who may deal with the corporation, they bestow their labor, or part with their property on the credit of those who are known to be stockholders; and it may be ruinous to the creditor to turn him over to a remedy against persons with whom he did not deal, and who have come into the corporation at a subsequent period. It is true, that a member who makes a fraudulent transfer of his shares for the purpose of avoiding his liability, may still be treated as a stockholder. (Marcy v. Clark, 17 Mass. R. 330.) But the burden of showing the fraud lies on the creditor; and he will find that no easy task at the present day, when all our sympathies are expended upon the debtor, and those who kindly aid him to live above the law. And .besides, shares may be transferred, without fraud, to persons who are much less able to respond to creditors than were those .who owned the stock at the time the debt was contracted.
The case of The Middletown Bank v. Magill, (5 Conn. R. 28,) seems not to be in accordance with the decision of the same court in Southmayd v. Russ, (3 id. 54. And see Deming v. Bull, 10 id. 409.) In the principal case the judges were divided nearly equally in opinion; and should the court finally adhere to that decision, it is perhaps enough to say that a different view of the question has been taken in this state. In Bond v. Appleton, (8 Mass. Rep. 472,) the plaintiff was the holder of the bills of the *271 Hillsborough Bank, and the defendant was sued as a stockholder ; but he bad ceased to be a stockholder more than a year before the plaintiff became a creditor of the bank. The court held that the defendant was not liable; and that such persons only were liable as were stockholders at the time payment of the bills was refused by the bank. The case proves nothing in favor of the defendant. Child v. Coffin, (17 Mass. R. 64,) does not touch the point now under consideration.
Judgment for plaintiff.

 The same doctrine has been recently held by the chancellor in Attorney General v. The Life and Fire Ins. Co., MS. March 15th, 1842.