Nevitts, J.
dissenting. The first question for consideration in this case is, was the evidence offered by the defendant below lawfully rejected ?' It is not necessary to enter into an argument or cite authority to prove, that by a settled rule of construction, these bills upon their face exhibit Kean as their drawer in his individual capacity. The words annexed to his name, “President of the Elizabethtown and Somerville Rail Road Company,” have often been adjudged, under like circumstances, as a mere description the person. 3 Strange, 955; 9 John. R. 334; 6 Mass. 58; 5 Ib., 299; 3 Wend. 94; 8 Cow. 31; Byles on Bills 17. These cases however do not settle the question before us. They merely establish a rule of construction, for the safety and protection of the holder of paper signed in this way, who may not have it in his power, to show any legal authority, from a responsible principal, for such signing. The Courts say and with great justice and propriety, that the signature of A. to a bond or to negotiable paper, as President, Cashier, Trustee, Agent, or in any other capacity, shall be esteemed as his individual contract; and for this reason, that the authority for such contract does not appear upon its face and the holder may not have it in his power to prove the authority. In White v. Skinner 13 John. R. 311, “ The court say, if the bond does not bind the directors for whom the defendant represented himself as agent, then it is his own obligation alone, and it is incumbent on him to aver and prove his authority, and not on the plaintiffs. Whether he had authority is a fact for which he is responsible, and he cannot call upon the plaintiffs to prove either a negative or affirmative.” This was an action upon a contract under seal and signed, “ for the directors, Reuben Skinner;” and the court never intimated, that he could not have avoided his personal responsibility, by proving a legal authority fqr the execution of the contract, in behalf of his principals. In Randall v. Van Vechten, et al., 19 John. R. 60, the contract was made by the defendants, calling themselves a committee of the corporation of Albany, and was signed by them individually. -They pleaded the general issue, with notice that they would prove the agreement was executed by them, as agents. The court say “ That private agents, who assume to contract for an individual or corporation, must see that their *433 principal is legally bound; for, if they do not give a right of action against their principal, the law will hold them personally responsible.” And in this case, the defendants were permitted to prove their agency, and the verdict, which had been rendered for the plaintiff, was set aside and a non-suit ordered. In Brockway v. Allan, et al., 17 Wend. 40, the suit was upon-a promissory note for $260, signed by the defendants, “ Trustees, &g.” They pleaded, that they were trustees, and that the promises were made by them “ as trustees;” to which the plaintiff demurred. In this case the court say, “where individuals sign their proper name to a note, prima facie, they are personally liable, although they add a description of the character in which the note was given; but such presumption of liability may be rebutted, by proof, that the note was in fact given by them as the agents of a corporation, and for a debt of a corporation, and that they were duly authorized to make it; and such facts may be pleaded in bar to an action against them personally, averring knowledge on the part of the payee.” In the Mechanics’ Bank v. Bank of Columbia, 5 Wheat. 326, the action was upon a check for $10,000, signed “ Wm. Eaton, Jr.” The Bank of Columbia, the plaintiff below, offered the check in evidence, and offered to prove that Eaton was cashier of the Mechanics’ Bank and drew the check in his capacity of cashier ; and that it was so understood by the plaintiffs. This evidence was admitted, and upon error the court unanimously affirmed the judgment. It is said however that where the plaintiff claims against the principal as in the case last cited, he may prove it to be the contract of the latter, by showing an express or implied authority from him to the agent to make it; whilst in an action against the agent, the latter cannot exempt himself from liability by the same proof. This may be true, where the action is brought by a person, who was ignorant of the circumstances under which the contract was made, at the time he acquired his interest in it, but I do not see the force of the distinction, where all the facts touching the execution of the contract, were made known to the plaintiff, at the time that he took it. If in the one case the plaintiff may prove it to be the contract of the principal, he at the same time and by the same evidence proves that it is not the per *434 sonal contract of the agent as it purports to be on its face; and I can conceive of no reason why the agent, when the action is against him, is not entitled to the benefit of the same truth, when the plaintiff had due notice of it, at the time he had acquired his interest in the contract.
Upon the authority of the cases cited, as well as upon the reason and justice of the case, I think the defendant was entitled under the general issue, to the benefit of the evidence offered. Upon the face of the bills, without the aid of the rule of construction above .mentioned, there was an ambiguity, which the defendant offered to explain by extrinsic testimony. He offered to show that the bills were drawn under the authority and by the express direction of the company, of which he was President; that they were signed by him as the agent of the company and in that capacity and for the benefit of the company; that the plaintiffs had due notice of these facts at the time they took the transfer of the bills; and that they took such transfer not upon the credit of the defendant, but upon the credit of the acceptor. Had the action been brought against the defendant by the company, can any one doubt, but that it would have been competent for him to prove not only, that there was no consideration for the bills, but that they were the bills of the company itself? And do not the plaintiffs, with due notice, stand in the same situation, at least so far as regards the question who are the drawers of the bills? Under the circumstances offered to be proved, the plaintiffs were not entitled to the benefit of the presumption of the defendant’s personal liability, arising upon the face of the paper, for they knew the fact to be otherwise. But it has been urged, that this evidence was properly overruled, because it contradicted the written contract of the defendant. To this it may be answered, that it does not directly contradict the clear and distinct terms of the contract, but only tends to explain an ambiguity. Parol evidence is admissible to explain a written agreement, which, on its face is equivocal, 8 Term R. 379. In Barker v. Prentiss, 6 Mass. 434, Chief Justice Parsons said, “it was every day’s practice to admit the promisor to prove, in an action by the promisee, on a note expressed to be for value received, that it was without consideration, and to explain and add *435 to a written contract.” The evidence, here offered, was to explain what was meant by the words, attached to the defendant’s signature.
JBut another answer to the objection is, that the evidence offered was a part of the res gestae; a part of the same identical transaction, as known and understood by the parties at the time; not designed to effectuate a fraud, and fully explained to the plaintiffs, when they took an assignment of the bills.
Upon the whole case, I am of opinion, that the Circuit Court was wrong in overruling the evidence, and that the judgment ought to be reversed.

Judgment affirmed.

Hornblower, C. J. and Whitehead and Randolph, J. J. concurred in the opinion delivered by Carpenter, J.
Reversed, Kean v. Davis, 1 Zab. 683.