## Lyman & Cole *v.* Isaac Sherwood, Burke Leavenworth and Johnson Foot.

The defendants executed a promissory note for $1000, upon the face of which they all appeared as principals, although two of them were really sureties, and made the note payable to the Burlington Mill Co., or order, in six months ; and it appeared, that the payees knew, that two of the signers were sureties, and also knew, that the note was procured for the purpose of enabling the principals to acquire a credit for the purchase of cloth ; and it also appeared, that the sureties signed the note for the express purpose of enabling the principals to obtain cloth of the Burlington Mill Co., on credit, to the amount of the note,—but there was no evidence, that this was known to the payees. The principals delivered the note to the payees, and received cloth, but not to the amount of the note, the payees being unable to furnish it; and thereupon the plaintiffs delivered to the principals cloth to the amount of the balance of the note, and the payees, with the consent of the principals, agreed to hold the note, so far as that balance was concerned, for the benefit of the plaintiffs. And it was held, that the note thereby became operative, in the hands of the payees, for its full amount, and that the plaintiffs acquired an equitable interest in it to the amount of the balance for which cloth was not furnished by the payees.

And, the principals having paid to the payees of the note the amount which they had advanced upon its credit, it was held, that the payees might legally transfer the note to the plaintiffs by indorsement, and that the plaintiffs might sustain an action thereon in their own names and for their own benefit, and that it made no difference, in this respect, that the note was indorsed overdue.

And it was also held, that an indorsement of the note in these words,—" Pay the within balance to Lyman & Cole, without recourse to the Burlington Mill Co., (signed) Sidney Barlow, agent," was sufficient in *form*, as an indorsement by the corporation,—there being no question as to the *authority* of Barlow to act as agent of the corporation in that matter.

Assumpsit upon a promissory note, signed by the defendants and one William Foot,—as to whom there was a return of *non est inventus*. Plea, the general issue, and trial by jury, October Term, 1846,—Bennett, J., presiding.

On trial the plaintiffs gave in evidence the note declared upon, which was dated September 16, 1839, and was in these words,— " Six months after date, for value received, we jointly and severally promise to pay the Burlington Mill Co., or order, at the Bank of Burlington, one thousand dollars ; " and the note was indorsed, Oc-

tober 9, 1843, in these words,—" Pay the within balance to Lyman & Cole, without recourse to the Burlington Mill Co., (signed,) Sidney Barlow, agent."

The defendants then gave evidence tending to prove, that Leavenworth and Johnson Foot were sureties upon the note, Sherwood and William Foot being the principals, and that the note was procured for the purpose of enabling the principals to acquire a credit for the purchase of cloth, and that all this was well known to the Burlington Mill Co. It also appeared, that the sureties signed the note for the express purpose of enabling the principals to obtain of the Burlington Mill Co. cloth, on credit, to the amount of the note; and there was no evidence tending to connect the sureties, personally, with the proceedings in regard to the note, after they had signed it.

The plaintiffs gave evidence tending to prove, that the principals received of the Burlington Mill Co., on the day of the date of the note, and upon its credit, cloth to the amount of $862,74, and that then, wishing to purchase cloth of a different description from any which the Burlington Mill Co. had, the principals applied to the plaintiffs, on the same day, and purchased of them, on credit, cloth to the amount of $470,28, for which they gave their note to the plaintiffs, payable in six months, and that they also procured and delivered to the plaintiffs an agreement in writing, executed by the Burlington Mill Co. and directed to the plaintiffs, which was in these words,— " Messrs Sherwood & Foot have bought goods of the Burlington ' Mill Co. to the amount of $862,74, and have given their note for ' $1000, payable in six months from this day to said company. You ' will perceive there is a balance due Sherwood & Foot of $135,26, ' which said Co. will pay at the expiration of said note, if paid to ' said Co. at the maturity of the note ; " and that Sherwood and William Foot signed upon the back of this writing, at the same time, an order in these words,—" Please pay the balance of the within note, when paid, to Lyman & Cole." And it appeared, that the plaintiff sold the cloth, relying in part upon the said agreement of the Burlington Mill Co., in relation to the note, and the assurance which the principals also then gave the plaintiffs, that the note should remain in the possession of the Burlington Mill Co., for their benefit, for the excess above the sum that had been advanced by that company. It also appeared, that the principals had paid to the

Burlington Mill Co., long before the indorsement of the note to the plaintiffs, the sum of $862,74, which the company had advanced.

Upon these facts the court directed the jury to return a verdict for the defendants. Exceptions by plaintiffs.

*J. McM. Shafter* for plaintiffs.

1. The facts show, that the Burlington Mill Co. had power to make a valid indorsement of the note. The transaction was the ordinary one, of the execution of an accommodation negotiable note; it was followed by a sale of it to the Burlington Mill Co. and the plaintiffs; and the indorsement was only in pursuance of the original understanding,—giving the plaintiffs a formal right of action, where they before owned the claim. The Burlington Mill Co. could have maintained an action in their own name for the benefit of the plaintiffs, and could transmit this right at any time, by making the plaintiffs parties to the paper, as they were before to the consideration. *Bank of Burlington* v. *Beach,* 1 Aik. 62. *Smith* v. *Burton,* 3 Vt. 233. *Little* v. *Obrien,* 9 Mass. 423. *Baxter* v. *Buck,* 10 Vt. 548. *Ayer* v. *Hutchins,* 4 Mass. 370. *Thrall* v. *Benedict,* 13 Vt. 248. *Gage* v. *Kendall,* 15 Wend. 640. Story on Prom. Notes 207, 214.

2. The fact, that two of the defendants were sureties, cannot affect the result. The note is negotiable; and no knowledge, beyond the note itself, of the particular understanding between the sureties and the principals, as to the source from which the cloth was to be obtained, is shown on the part either of the Burlington Mill Co., or of the plaintiffs. *Nash* v. *Skinner,* 12 Vt. 219. 13 Vt. 248. 7 Johns. 361. 1 Taunt. 224. 11 Mass. 436. 5 Wend. 66. 4 Cow. 567. 20 Johns. 288. 17 Johns. 176.

*Platt & Peck* for defendants.

1. The amount advanced upon the note by the Burlington Mill Co. was fully paid prior to the indorsement of the note to the plaintiffs. This extinguished the note; and it could not be revived, for business purposes, in such way as to affect the sureties, without their consent. Chit. on Cont. 528. *Burbridge* v. *Manners,* 3 Camp. 193. *Bacon* v. *Searles,* 1 H. Bl. 89.

2. As the note was indorsed to the plaintiffs over due, and they had notice of all the facts, they must take it subject to all equities,

which the sureties may interpose. *Tinson* v. *Francis*, 1 Camp. 19. Story on Pr. Notes, § 190. *Taylor* v. *Mather*, 3 T. R. 83 n. *Brown* v. *Davies*, 3 T. R. 80. *Ayer* v. *Hutchins,* 4 Mass. 370.

3. The case shows, that the note was given to the Burlington Mill Co., for the purpose of furnishing the principals a special credit. In such case the surety has a right to stand upon the very terms of the contract ; and if there is any variation made, not assented to by the surety, it is fatal. *Wright* v. *Johnson*, 8 Wend. 512. *Miller* v. *Stewart*, 6 Wheat. 680. *Walsh* v. *Baillie*, 10 Johns. 180. *Straton* v. *Rastall et al.*, 2 T. R. 370. *Philips* v. *Astling*, 2 Taunt. 206. *Myers* v. *Edge*, 7 T. R. 254. *Whitcher* v. *Hall*, 5 B. & C. 269, [11 E. C. L. 224.] 2 Madd. 221.

4. The note is not legally indorsed by the Burlington Mill Co. An agent, to bind his principal, must contract in the name of the principal. The addition of " agent " is but *descriptio personæ*, and the indorsement is the indorsement of Sidney Barlow, and not of the company. 1 Chit. Pl. 2. 10 Wend. 271. 3 Wend. 94. 8 Cow. 31. Chit. on Bills 32, 202. 5 Vt. 433.

The opinion of the court was delivered by

KELLOGG, J.—The decision of the county court is based upon the assumption, that the testimony in the case does not even *tend* to prove a state of facts, which, in law, would warrant a recovery by the plaintiffs ; and if, upon examination, this assumption shall be found to be well sustained, there certainly was no error in the decision. Let us then examine the case somewhat in detail. The suit is founded upon a negotiable promisory note, the making of which is not questioned, and which *purports* to have been indorsed to the plaintiffs ; and if legally indorsed, it would make out a *prima facie* case for the plaintiffs.

But it is said, that the Burlington Mill Company, to whom the note was made payable, knew that Leavenworth and Johnson Foote, two of the signers of the note, were mere sureties, and that it was made for the purpose of enabling the principals to acquire a credit, with which to purchase cloth to the amount of the note ;—surely there can be no question, but what the evidence tends to prove, that that object was fully accomplished. But it is farther said, that the evidence tends to prove, that the sureties signed the note for the

*express purpose* of enabling the principals to obtain the cloth of the *Burlington Mill Company;* and hence they insist, as a legal consequence, that the note could not be used for the purpose of procuring cloth elsewhere. Now, there is no evidence in the case, tending in the slightest degree to prove, that the Burlington Mill Company had any knowledge of this *express purpose* of the sureties, or that they had any intention of limiting the principals, in the purchase of the cloth, to the Burlington Mill Company. The Burlington Mill Company was apprised of the general object, for which the note was made,—to wit, to enable the principals to purchase cloth; but beyond this, as to the *motives* and *purposes* of the *sureties*, the case is silent.

But even if the Burlington Mill Company had been fully apprised of the motives and designs of the sureties, in the making of the note, we are by no means prepared to admit the consequences, which are claimed by the defendants. The note was made to enable the principals to purchase a thousand dollars worth of cloth, upon a credit of six months. This was apparently the object, which the parties had in view in making the note; and if it were their intention to limit the purchase to the Burlington Mill Company, it is but reasonable to suppose, that the *limitation* would have been expressed in the contract. The note was made payable to the Burlington Mill Company, doubtless upon the supposition, that the principals would there be able to obtain such cloth, as they desired. It was made payable to the Burlington Mill Company *or order*, thereby enabling the Company to negotiate the note, if it should be found desirable. The principals carried the note, on the day of its date, to the payees, and received in cloth, upon its credit, the sum of $862,74, that being all that the Company could then furnish, of the description of cloth which the principals desired. On the same day, the Company, at the request of the principals, made an arrangement with the plaintiffs, by which the principals received of the plaintiffs the balance of the note in cloth. The full value of the note was, then, paid to the principals by the Burlington Mill Company and by their procurement, and in a manner satisfactory to the principals, with whom the note was entrusted for the accomplishment of the object for which it was made. Nor can we perceive how this arrangement could operate to the prejudice of the sureties.

Had the Burlington Mill Company purchased of the plaintiffs and delivered to the principals cloth sufficient, in addition to what they had of their own, to amount to the sum of the note, we apprehend it would hardly be questioned, but what the Company, by so doing, would have made the note available to them for its entire amount. The arrangement enabled the principals to obtain, upon credit, cloth to the amount of the note; and thus the very object was accomplished, for which the note was made. The signers to the note appear, upon its face, as joint promissors; and it does not appear, that the *plaintiffs* had any notice of the relation of principals and sureties to the note, or of the motives which influenced the sureties in making the note. But even had they been apprised of this, we are unable to see how it could have affected the plaintiffs' right of recovery.

But it is urged by the defendants, that the plaintiffs took the note of the principals for all the cloth they sold them, which was considerably more than the balance of the thousand dollar note, and therefore it is insisted, that they did not rely upon the note in suit. The plaintiffs parted with their property in good faith, and the case shows, that they did rely *in part* upon the note in suit for the payment for the cloth they sold to the principals. The effect of the arrangement between the Burlington Mill Company and the plaintiffs was, to give the plaintiffs an equitable interest in the note to the amount of $137,26.

It is farther urged, that the Burlington Mill Company had no interest in the note, at the time it was indorsed to the plaintiffs, and that, if any suit could be maintained upon the note for the benefit of the plaintiffs, it should be in the name of the Burlington Mill Company. It has already been shown by the preceding remarks, that the entire amount of the note was paid to the principals, for whose benefit it was used, on the day of its date, by the Burlington Mill Company and the plaintiffs; so that the note became an operative and valid note for the amount therein expressed, provided the payments made by the Burlington Mill Company and the plaintiffs, in the purchase of the note and upon the credit of it, can be sustained, consistently with the rules of law. Suppose the note in question had been made by the defendants for the purpose of enabling the principals to raise a thousand dollars in money, for the prosecution

of their business, and, upon application of the principals to the Burlington Mill Company, it had been ascertained, that the latter could only advance to them three fourths of the amount; but, by an arrangement between the Company and the plaintiffs, the remaining fourth could be obtained; and the entire amount had been so obtained, with the consent and approbation of the principals; could there be a doubt, but what the makers would be liable for the amount of the note? We think not. And under such circumstances, we cannot doubt, that a suit might be maintained by the payees for the amount of the note, and, upon recovery, one fourth of the amount would be in trust for the plaintiffs. And if the Burlington Mill Company, after the defendants had paid to them the amount which they advanced upon the credit of the note, had such an interest in it, as would enable them to maintain a suit for the benefit of the plaintiffs, we see no reason, why they might not transfer that interest to the plaintiffs by an indorsement of the note.

It is however urged in argument, that the liability of the sureties in this case is the same, as though they had given a letter of credit to the Burlington Mill Company, authorizing them to sell to the principals cloth to the amount of a thousand dollars, on credit, they, the sureties, guaranteeing the payment; and authorities have been produced, to show, that, upon such an undertaking, the Company could not authorize the plaintiffs to furnish the cloth, or any portion of it, upon the credit of the guaranty. In the case of an ordinary letter of credit, the undertaking of the guarantor is limited to the person to whom it is addressed; and if it were the intention of the sureties to this note to thus limit their liability, they adopted an unusual course, and one not calculated to accomplish the object designed. Instead of giving an ordinary letter of credit, they put afloat a negotiable promissory note, upon the face of which they appear as joint promissors. And although the Burlington Mill Company knew, that they were sureties, and that the note was made to enable the principals to obtain cloth upon a credit, yet these facts were not known to the plaintiffs, and, if known, their rights would not be affected by it.

But it is farther insisted, that, as the indorsement of the note was not made, until after the same was overdue, the plaintiffs took it subject to all equities. It will be seen, from the preceding re-

marks, that we consider that the plaintiffs, on the day of the date of the note, by their arrangement with the Burlington Mill Company, acquired an *equitable interest* in the note, to the amount of $137,-26; and the subsequent indorsement of the note, made October 9, *1843*, was but the transfer of that equitable interest, which thereby became a *legal interest* in the plaintiffs.

It is farther urged, as an objection to the maintenance of the suit, that the indorsement of the note is insufficient to transfer the legal interest to the plaintiffs. The note bears the following indorsement,—"Pay the within balance to Lyman & Cole, without recourse to the Burlington Mill Company ; (signed,) Sidney Barlow, Agent." There does not appear to have been any question made, upon the trial below, but what Barlow was the lawful agent of the Company and had authority to indorse the notes of his principals. The objection, then, is supposed to have reference to the form of the indorsement. The indorsement, we think, clearly shows, that Barlow made it as the agent of the Burlington Mill Company, to whom the note was made payable ; and the question arises, is such an indorsement sufficient? We are referred to the cases of *Barker* v. *Mechanics' Insurance Co.*, 3 Wend. 94, and *Hills* v. *Bannister*, 8 Cow. 31, as decisive of the question ; and it must be admitted, that if the case at bar is to be controlled by the doctrine of those cases, the indorsement would be held insufficient. But opposed to those cases is the case of *Proctor* v. *Webber*, 1 D. Ch. 371, where a note, executed like the one described in 3 Wendell, was held to be the note of the corporation. And this case, we think, fully sustains the indorsement.

The result, then, is, that there is error in the judgment of the county court, and the same is therefore reversed.