Clark v. Titcomb.

———————•-•-•———————

CLARK *vs.* TITCOMB, survivor, &c.

Where a mutual insurance company, being in need of funds to pay losses, procured a loan of $32,000, from different persons and firms, and transferred to the plaintiff premium notes, made by various individuals, to be held by him as collateral security for the repayment of the loan ; *Held* that the plaintiff held the notes as trustee of an express trust, and that an action on two of them was properly brought in his name.

It being the usual custom of a corporation to transfer its notes by the mere indorsement of the president, such an indorsement is all that is requisite to effect a transfer of the title, where the transfer itself is authorized by a resolution of the directors.

It is well settled law, in this state, that any corporation may borrow money for the ordinary business, and to accomplish the objects, of the corporation, and may give its obligations for the money thus borrowed.

A corporation having the power to issue its own obligations for money so

Clark *v.* Titcomb.

borrowed, has also the right, instead of giving its own obligations, to turn out its assets to secure the payment of money so borrowed. The two powers stand on the same principles.

THIS is an action to recover the amount of two promissory notes, made at Boston, in December, 1855, by the firm of J. & G. P. Titcomb, (of which firm the defendant is the survivor,) to the order of the Commercial Mutual Marine Insurance Company of Massachusetts. The notes were indorsed in blank by the insurance company, " by George H. Folger, President." It was proved this was the way the company usually indorsed its notes. In March, 1856, the company, being in need of funds " to pay losses past due," procured a loan of $32,000 from nine different persons and firms, of which firms the plaintiff's was one, and transferred to the plaintiff premium notes to be held by him as collateral security for the repayment of the loan, and with the express understanding that he should hold and collect the same for the benefit of, and as trustee for, his firm and the several other firms and parties. The notes in question are part of the premium notes so transferred, which the plaintiff is endeavoring to collect for the benefit of his trust. The transfer was made by the company in pursuance of a resolution of the directors. The plaintiff having rested the case on his part, the defendant's counsel moved to dismiss the complaint in this action on the following grounds : 1st. That the plaintiff was not the real party in interest, and was not the owner of the notes. 2d. That no transfer by the company had been proved. This being an individual action in the name of the plaintiff, it could not be sustained ; that if he had any rights, it must be as trustee. 3d. That the indorsement shown did not pass the note. 4th. Because it was not proved that by the laws of Massachusetts the corporation had a right to transfer these securities. 5th. That no indorsement or transfer of the notes in question by the company was proved or shown. The court denied the defendant's motion, and the counsel for the defendant excepted.

At the close of the testimony the defendant's counsel again moved to dismiss the complaint, on the grounds heretofore stated, and upon the additional ground, that there was no authority in the charter or by-laws of the corporation for the indorsement or negotiation of any notes. The court denied the motion, and the counsel for the defendant excepted to such ruling and decision. The court thereupon rendered judgment in favor of the plaintiff for the sum of $1533.06; and the defendant appealed.

*Beebe, Dean & Donohue,* for the appellant.

*Benedict, Burr & Benedict,* for the respondent.

*By the Court,* GEO. G. BARNARD, J. The plaintiff holds this note as trustee of an express trust. The action was therefore properly brought in his name. (*People* v. *Norton,* 5 *Seld.* 178. *Lewis* v. *Graham,* 4 *Abb.* 108.)

The transfer of the note in question with others was authorized by the board of directors. The president merely acted as the instrument to make the indorsement. It being the usual custom of the company to transfer its notes by the mere indorsement of the president, such indorsement is all that is requisite to effect a transfer of the title, where the transfer itself is authorized by a resolution of the directors. It may be that if any statute, or the charter or by-laws, required notes to be indorsed in a particular way to transfer them, a transfer to be valid would have to follow such requirements. It is not necessary to consider this question, as there does not appear to be any thing in the charter or by-laws of this company, or in any statute, requiring the notes of this company to be transferred in a particular way.

An objection was made that the corporation had no power to transfer these notes. It is well settled law in this state, that any corporation may borrow money for the ordinary business, and to accomplish the objects, of the corporation,

and may give its obligations for the money thus borrowed. In the absence of proof to the contrary, this must be assumed to be the law of Massachusetts.

A corporation having the power to issue its own obligations for money so borrowed has also the right, instead of giving its own obligation, to turn out its assets to secure the payment of money so borrowed. The two powers stand on the same principles.

In the case at bar the note in suit was transferred to secure money borrowed for the immediate use of the company. The transaction, therefore, came within the powers of the corporation.

Judgment affirmed, with costs.

