Mangels *v.* Schoen.

## City Court.

*Trial Term—November,* 1885.

## MANGELS *against* SCHOEN, as Treasurer of the Greenwich Literary Society.

A member of an unincorporated society may sue it for money loaned,
by bringing an action against it in the name of its president or treas-
urer. Having the power to borrow money the society may issue
obligations for its payment.

A society may sue its members for unpaid dues.

McADAM, Ch. J.—Voluntary unincorported associa-
tions (like the defendant herein) are commonly called
joint stock companies, and may, by force of the statute, sue
and be sued in the name of the president or treasurer for
the time being. While not corporations, they possess
many of the attributes peculiar to corporations. While the
members, as between themselves, are not partners, they are
subject to many of the legal liabilities and disabilities
of partners. But, as between an individual member on
the one hand and the association in its official capacity on
the other, it is to be regarded as a *quasi* corporation, cap-
able of being sued by such member for any breach of its
official obligations, of which the agreement to pay benefits
to a sick brother is a familiar illustration. While the
association may be sued by a member, he may in turn be
sued by it. Thus, if the individual member be in arrears
for dues or the like, the association may by an action in

the name of its president or treasurer, enforce the payment of such arrearages. This mode of procedure and regulation as to parties results from the statute which introduced a new rule of practice of great utility and convenience (1 *City Ct. R.* 376, 239 ; 5 *Civ. Pro.* 194). The action in its present form is therefore maintainable. The plaintiff loaned money to the association, and the bonds issued by it were mere evidences of the loan. Having power to borrow money to meet its expenses, the authority to issue evidence of the loan follows (42 *Barb.* 122 ; 3 *Wend.* 94 ; 4 *Hill,* 261 ; *Angell & A. on Corp.* 10 ed. § 257).

The verdict in favor of the plaintiff was properly directed, and the motion for a new trial must be denied.