Minshalu, J.
It is apparent that the question presented is precisely the same as would have arisen on a demurrer to the answer, and we shall so treat it. Evidence as to the meaning of the initials, without the other circumstances, could in no way vary the rights and liabilities of the parties. If the facts stated in the answer constitute a defense, *446 the defendant should have been permitted to prove the same, as he offered to do by the evidence ruled out. If not, then there was no error in rejecting it, and the judgment should be affirmed.
There is nothing in the answer to the effect that, at the time Robinson accepted the bill, he did not have funds of the drawer in his hands applicable to the payment of the bill at its maturity, or that he did not expect to have, and ■that this fact was known to the plaintiff’ when it became the owner of it. It is entirely consistent with the hypothesis that he was acting as the agent of the drawer at Cincirinati, a coal company doing business at Coalburgh, W. Va.; and that in the transaction of its business at Cincinnati, he then had, or expected to have, funds of the company in his hands applicable to the payment of the bill and on which it had been drawn. The relation of principal and agent may exist between drawer and drawee, without changing the rights of the payee against the drawee upon his acceptance of the bill. When the principal, located at one place, draws upon his agent located at another, the natural presumption is, from the, usual course of business, that it is against funds of the principal that are, or will be, in the hands of the agent, and which the principal requests the agent to apply to the payment of the bill at its maturity. “A bill of exchange is presumed to be drawn on funds, with the understanding between drawer and drawee that it is an appropriation of the funds of the former in the hands of the latter, and acceptance is an admission that it was so drawn, and of such a relation between the parties.” 1 Par. N. & B. (2 ed.) 323.
The usual relation between the drawee and the drawer is that of debtor and creditor; and such relation in fact exists between an agent and his principal, where the latter has funds in the hands of his agent. The bill here, as drawn and accepted, is consistent with and supposes such relation; and, as we have observed, there is nothing in the answer to the effect that such relation did not exist, nor was there any evidence offered to the contrary. Robinson *447 was not bound to accept; or he might have done so on condition that he had funds of the principal at the maturity of the bill, and thus have qualified his obligation. But as it is, his acceptance imports the possession of funds, and obliges him to pay the bill. 1 Par. N. & B. (2 ed.) 301, and note (w).
The fact that he is designated in the bill and described in his acceptance as agent, does not vary the case. This description of himself may, and no doubt did, serve a useful purpose in the settlement of his accounts with the company.
The law as to notes and bills, executed by persons acting as agents of other persons, is not uniform, but, as a rule, where one acting as agent uses words that import a personal agreement on his part, and signs his own name, it is held to be his individual obligation, although he describe himself as agent; the added words being regarded simply as a description of his person. The rule is in conformity to precision in the use of language, and secures that certainty in negotiable paper so necessary to commercial transactions. Thomas v. Bishop, 2 Strange, 955; Barker v. Mec. Fire Ins. Co., 3 Wend. 94; Dan. Neg. Inst., § 300.
The question has been presented and so ruled in a number of the reported decisions of this court.
Thus, in Titus v. Kyle, 10 Ohio St. 444, where the makers had described themselves in the body of the note as directors of a certain turnpike road, and the note read, “ One year after date, we, or either of us, as directors, etc., promise to pay,” to which each signed his individual name, it was held that each was individually liable, and that in the absence of an averment of fraud or mistake, the makers could not be permitted to show an intention on their part not to bind themselves individually.
In Collins v. Buckeye Fire Ins. Co., 17 Ohio St. 215, the note read, “ I promise to pay, etc.,” ,and was signed “ Edward K. Collins, Agent.” The defense was that the payee had notice of the agency of the maker, and that he. was not lia— *448 ble individually upon the note. But the court held that parol evidence was inadmissible for that purpose, and that Collins was personally liable upon the note. These cases show that, in this state, where one acting as agent signs his individual name to a note, that, by its language, imports a personal liability on his part, ho is bound accordingly, although in signing the note he describes himself as agent.
We fail to see how it can make any difference in this respect whether the party signing describes himself as agent simply, or adds the name of his principal; in either case the principle upon which his liability is established and parol testimony excluded must be the same; the instrument upon its face is his own, and not the promise of his principal. To this rule usage has established an apparent exception, in the instances where a bill is drawn or accepted by the cashier of a bank. But it is rather apparent than real, since the custom by which a cashier represents his bank in such matters, by simply signing his own name, is so general, that the practice has reduced the custom to the certainty of a law, as it is every-whore understood that, in such cases, whether he describes himself as cashier or not, he is an altet ego of the bank. ■ His signature is a recognized mode in which a bank may become a party to commercial paper; and the obligation so created is that of the bank and not of the cashier.
There is a marked distinction between this case and those in which the question just discussed usually arises. Ordinarily the principal is some third person, not otherwise related to the bill, but here it is claimed that he is the drawer, and if the acceptance be treated as his, and not that of Robinson, the paper loses its character of a bill of exchange and becomes a promissory note only, and the payee, instead of having a fund appropriated to the payment of his demand or secured by the obligation of an acceptor, is reduced to the personal obligation of the drawer only. This aspect of the case, as unfavorable to the defense, has been commented on, and does not require to be further enlarged.
*449 The cases, however, to which we have adverted, show that a promissory note signed by an agent, in the manner this acceptance was made, becomes the individual liability of the agent, and would be decisive of this case, though the principal were a third party, unless an acceptance differs in principle from the making of a note, as does an indorsement. It seems that an indorsement may be explained by parol, as pointed out by Welch, J., in Collins v. Buckeye Fire Ins. Co., 17 Ohio St. 224. The indorsement being a mere transfer of title, the obligation arising outside of it may be changed without affecting the indorsement itself. But the obligation of an acceptor is an express one; it is to pay the bill at its maturity according to the order contained in it. The language of the books is that the acceptor of a bill is as the maker of a note, and that when the drawer accepts he comes at once under an absolute obligation to pay the bill according to its tenor. 1 Par. N. & B., sec. 2, chap. 4. No distinction between a promissory note and an acceptance exists in this regard, and so it has been held, that the legal effect of an acceptance, as an absolute contract to pay, can not be varied by parol. Heaverin v. Donnell, 7 Smedes & M. 244; s. c., 45 Am. Dec. 302; Adams v. Wordley, 1 M. & W. 374; Hoare v. Graham, 3 Camp. 57; 1 Par. N. & B. 301; Cummings v. Kent, 44 Ohio St. 92.

Judgment affirmed.

Folleto?, J., dissents.