special property, including both the items before referred to.

The whole court concurring,

Ordered accordingly.

## DE WITT and TORBERT *against* WALTON.

Where one H. had authority, as agent, to bind the defendant under the name of "The Churchman," it was *Held*, that the defendant was not liable upon a note given by such agent and signed "D. H., Agent for The Churchman," but containing no further expression of an intention to bind the defendant.

That such a note did not purport to be the note of "The Churchman," but of H.; and that the words "Agent for The Churchman," were mere words of description.

ACTION in the superior court of the city of New-York, upon a promissory note of which the following is a copy:

"$324.$\frac{59}{100}$. NEW-YORK, June 20th, 1850.

"Four months after date I promise to pay to the order of W. H. B. Smith, three hundred and twenty-four $\frac{59}{100}$ dollars, value received.

"DAVID HUBBELL HOYT,
"Agent for The Churchman."

Smith and Hoyt were also made defendants as endorsers, but suffered judgment by default. The answer of Walton admitted that he was the sole editor and proprietor of the newspaper called "*The Churchman*," published in the city of New-York, but denied his liability upon the note.

Upon the trial before Chief Justice OAKLEY and a jury, in October, 1851, it was shown that a witness having a number of notes signed "David Hubbell Hoyt, agent of

the Executive Committee of The Churchman," and one signed in the same manner as the one in suit, called upon the defendant for the purpose of ascertaining whether Hoyt had a right to issue the notes, what were the means of paying them, and whether Mr. Walton was personally responsible for their payment; that Walton stated "that Mr. Hoyt was his agent for the conducting of the affairs of The Churchman; that The Churchman paper was abundantly able to meet all its payments; that Mr. Hoyt himself was a good man, and that he, Mr. Walton, held himself personally responsible for the payment of the notes."

The defendant moved for a nonsuit upon the ground, among others, " that the note and complaint were defective, it not appearing upon the face of the complaint that it was the note of the defendant, but only the note of Hoyt individually, and that the words ' Agent of The Churchman' were words of description only, and did not bind the defendant." The motion was granted and this ruling was affirmed at general term. The plaintiffs appealed to this court.

*N. Hill, Jr.* for the appellants.

*Edgar Logan* for the respondent.

GARDINER, Ch. J. Should it be admitted, as the counsel for the plaintiff insists, that it was proper to show by oral evidence that " The Churchman " meant the defendant, and that he allowed his agent to give notes in this form, the plaintiff would still, in order to recover, be compelled to establish not only that the power existed, but that it was executed in such a manner as to bind the defendant. The plaintiff has declared upon a promissory note as his only cause of action. He must sustain his complaint by proof that the defendant was a party to the express contract upon which he has counted. He has given evidence tending to

De Witt *against* Walton.

prove that Hoyt had authority to bind the defendant personally and legally, under the designation of "The Churchman." But the contract produced is one according to which Hoyt assumes to pay, and signs his own name, with a statement appended that he is "agent for The Churchman." This is not enough. The good sense of the many authorities upon this subject would seem to be that, where a party is sought to be charged upon an express contract, it must at least appear upon the face of the instrument that the agent undertook to bind him as principal. The appellation by which the contractor may be distinguished is of no importance, provided it be sanctioned by the principal and embraced in the power conferred upon the agent.

In this case the defendant was at liberty to adopt the style of "The Churchman" as his business designation, contract under that name himself, and of course authorize others to engage for him in the same manner. ( 6 *Hill*, 443 ) These facts, serving to identify the party and the power of the agent, could be established by oral evidence. But the contract when made, and construed by the light thus furnished, must purport to be the contract of the principal and not of the agent. ( 11 *Mass.*, 87 ; *Story on Agency*, § 274, *b*.) It is not sufficient that he describes himself as agent; he must give a right of action against the principal. ( *Story on Agency*, § 147.) Here the promise is not by the defendant or "The Churchman," nor by Hoyt for them or either of them, or in their behalf, but for himself. The formula used by him in the signature to the note in controversy has been determined in this and other states to create an obligation on the part of the agent personally, and not in behalf of the principal. (3 *Wend.*, 94 ; 8 *Cow.*, 31 ; 16 *Pick.*, 347 ; *Story on Agency*, 182, 184 ; 4 *Comst.*, 208.) I can see no good reason for relaxing the principle of these decisions. We may conjecture that the affix to the name of Hoyt was designed by him to answer some other purpose than simply to designate his person. He

may have supposed that it created a contract upon the part of the defendant, or, what is more probable, he may have designed it as a memorandum to enable him to determine thereafter from what fund the note should be paid, and to guide him in making up his account with " The Churchman," or with the defendant personally, It is sufficient to defeat the action, that this purpose is equivocal ; that the language does not necessarily, or by a fair and reasonable construction, create an *assumpsit* on the part of the defendant, whether known as William Walton or as " The Churchman." There is no great hardship in requiring that if one man undertakes to oblige another, by note, bill of exchange, or other commercial instrument, he should manifest his purpose clearly and intelligibly, or that his principal will not be bound, whatever may be the result in reference to himself.

I think the judgment of the superior court was correct and should be affirmed.

PARKER, J. It would undoubtedly have been competent for the defendant to charge himself as maker by signing the word " Churchman " to the note as his signature. A person may become a party to a bill or note by any mark or designation he chooses to adopt, provided it be used as a substitute for his name, and he intends to be bound by it. (*Brown* v. *The Butchers and Drovers' Bank*, 6 *Hill*, 443.) But the proof does not bring this case within the rule attempted to be applied to it. There is no evidence that the defendant ever saw the note in question, or signed the name " Churchman " to any paper, or ever adopted it or recognized it. Four notes were shown to the defendant, one signed like this note, and three signed differently, and the defendant said he considered himself, personally, legally responsible for the payment of them. Why he so considered, does not appear. It could not have been because he had adopted for his name the particular signature of the one

signed like this note, because the other three had different signatures. If he considered himself legally responsible for the four notes shown him, because they had in fact been given in and about his business and for his benefit, as is most probable, that is a reason not applicable to the note in controversy.

The word " Churchman," then, represents in this case no person, but a thing, and is to be taken in its ordinary sense. The note was signed by the defendant as agent for a newspaper establishment known as " The Churchman," and it is well settled in such case that the words are to be taken only as *descriptio personæ*, and that the person signing is alone liable. (*Stone* v. *Wood*, 7 *Cow.*, 453; *Story on Agency*, §§ 147 *to* 159; *Story on Promissory Notes*, §§ 61 *to* 79; 8 *Cruise*, 31; 3 *Wend.*, 94; 7 *id.*, 68; 8 *id.*, 498; 10 *id.*, 271; 11 *Mass.*, 87; 4 *Comst.*, 208.)

Whether parol evidence could have been received to charge the defendant on a note upon which his name no where appeared (11 *Mass.*, 27, 33; 10 *Wend.*, 275) is not material, there being no such evidence in the case and none having been offered.

I think the judgment of the superior court should be affirmed, with costs.

The whole court concurring,

Judgment affirmed.