## GREEN v. SKEEL.

*Agency — evidence of —signing contract as " agent."*

In an action against C. S. and others upon a note signed thus: " W. S., agent," it was alleged that the note was made by C. S. by W. S., her agent. *Held,* that it was competent for plaintiff to show that C. S. was the party for whose benefit the note was made.

It seems to be settled that where the person signing his name with the word "agent" added, is, in fact, the agent of the principal and the writing is executed in the course of the business of such agency, the principal is bound by a contract so signed. *De Witt* v. *Walton,* 9 N. Y. 571, doubted.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury.

The action was brought in Onondaga county by Thomas D. Green against Calista Skeel as maker and Albert Skeel and Charles W. Skeel as indorsers of a promissory note reading as follows :

"SUMMIT STATION, *April* 21, 1873.

"Four months after date, I promise to pay to the order of Albert Skeel, three hundred dollars at the Syracuse National Bank, value received with interest.

"$300.00.                                   WILLIAM SKEEL, *Agt.*"

It was claimed by the indorsers, who alone answered, that the word "Agt." was added after they had indorsed the note, and evidence was given to sustain and to contradict that allegation. Evidence was also introduced on the part of plaintiff to show that William Skeel was, at the time the note was given, conducting business as the agent of the defendant Calista Skeel, who was his wife. This was objected to by defendants but was allowed by the court. Such other facts as are material appear in the opinion.

*W. H. Warren* and *H. Ballard,* for appellants, cited *De Witt* v. *Walton,* 9 N. Y. 571 ; *Pumpelly* v. *Phelps,* 40 id. 67 ; Story on Agency, § 147 ; 2 Kent's Com. (9th ed.) 852 ; *Townsend* v. *Hubbard,* 4 Hill, 351.

*Andrew H. Green,* for respondent.

MULLIN, P. J. The defendants are sued as indorsers of a note purporting to be be made by William Skeel, agent, for the sum of $300, payable in four months at the Syracuse National Bank, and dated April 21, 1873. The defense is that since the making and indorsing of said note, the word "Agt." has been added to the name of William Skeel, and that it was not on the note when indorsed by the defendants.

On the trial William Skeel was called and examined as a witness on the part and behalf of the plaintiff and testified in substance that his wife Calista Skeel, at the date of said note, was doing business in her own right at Summit Station, where the note is dated, that he was acting for her as her agent, and the note was made in such business and had the word "agent" annexed to his name when it was indorsed by the defendants. The defendants were examined and testified that the word "Agt." was not on the note when indorsed by them, and they did not know that Calista was carrying on business of any kind when the note was indorsed by them. The jury rendered a verdict for plaintiff for the amount of the note and interest, on which judgment was entered and the defendants appeal.

The verdict established conclusively that the note was made by Skeel as agent for his wife, and that the word "Agt" was on it when it was indorsed by defendants.

It was competent for the plaintiff to show that Mrs. Skeel was the party for whose benefit the note was made and indorsed. *Coleman* v. *First Nat. Bank of Elmira*, 53 N. Y. 388; Story on Agency, § 155.

It is difficult to reconcile the cases so as to ascertain with certainty when a principal is bound by a writing executed by a person who signs the same as agent. But it seems to be pretty well settled that when the person signing his name with the word "agent" added, is in fact the agent of the principal, and the writing is executed in the course of the business of such agency, the principal is bound by a contract signed with the agent's name, with the word "agent" added.

This position is at war with the ruling in the case of *De Witt* v. *Walton*, 9 N. Y. 571; but that case has not been followed, if it is to be understood as deciding that the principal is not bound in any case by a writing signed by the "agent," in his own name, with the word "agent" added. It is possible that a different conclusion would have been arrived at in that case had it been alleged and proved

that the person signing the note was the agent of the defendant in the business of publishing "The Churchman," and that the notes were given in the course of that business; but the principal difficulty in the mind of GARDINER, C. J., was that the contract did not on its face purport to be the contract of the defendant. If that was essential, no proof could have been given that would charge the defendant.

If Mrs. Skeel was not bound by the note, the addition of the word "agt." to the husband's name did not affect the liability of any party to the note; Skeel was in that event maker and personally liable as such.

The judgment is right and must be affirmed.

*Judgment affirmed.*