THURLOW C. LEAVENS, RESPONDENT, v. EDWARD THOMPSON, APPELLANT.

<div style="float:right">48 389<br>82 177</div>

*Non-negotiable note — a transferee is charged with knowledge of the agency of the payee, if it appears on the face of the note.*

In October, 1884, E. Putnam, acting as the agent, and pursuant to the direction of the defendant Thompson, sold a coach to one Kellogg and took his note therefor as follows:

"GLENS FALLS, *October* 18, 1884.

"Six months after date, for value received, I promise to pay E. Putnam, agent for E. Thompson, five hundred dollars, with interest.

"ORLANDO KELLOGG."

On December 1, 1884, Putnam bought of the plaintiff a coach, horses and harness for $600, and gave him in payment the note and $100 in cash. The defendant Thompson knew nothing of the sale of the coach to Kellogg, or the taking of the note and its transfer by Putnam, until after the sale and transfer had been made, and then ratified the taking of the note but repudiated the transfer to plaintiff.

*Held*, that as the note was non-negotiable and stated the agency of Putnam on its face, the plaintiff, as Putnam's transferee, obtained no better or different title to it than Putnam himself had, and was charged with knowledge that the note belonged to the defendant.

That the rule, which is applied in cases of negotiable commercial paper, that a person not appearing to be a party to it cannot be charged upon it, does not apply to non-negotiable paper nor to the case of a payee.

APPEAL from a judgment in favor of the plaintiff entered in Warren county, upon the decision of the court, upon trial without a jury.

In October, 1884, one E. Putnam had possession of a coach belonging to the Glens Falls and Lake George Stage Company. The defendant Thompson was the principal stockholder of this company, holding all its stock, except possibly two shares, which one Whitman on the trial claimed to own, but whether he did or not was not clearly shown. Putnam, by the employment of the defendant, had been the general manager of the company. It operated a line of stages between Glens Falls and Lake George. Upon the opening of the railroad between these places, in 1882, the company ceased its regular business, and Putnam, upon the direction of the defendant, undertook to sell its property and account to the defendant. In October, 1884, he sold the coach referred to to one Kellogg for $500 and took his note therefor as follows:

"GLENS FALLS, *Oct.* 18, 1884.

"Six months after date, for value received, I promise to pay E. Putnam, agent for E. Thompson, five hundred dollars, with interest.

"ORLANDO KELLOGG."

On December 1, 1884, E. Putnam bought of the plaintiff a coach, horses and harness for $600 and gave him in payment the above note and $100 in money. It appears that plaintiff had a contract to carry the mail to and from Glens Falls and Fort Edward, and, as a part of the transaction, Putnam, describing himself as "E. Putnam, agent," agreed in an instrument under seal to perform this service for the compensation stipulated in the contract between the plaintiff and the United States. The defendant Thompson knew nothing of the sale of the coach to Kellogg, or of the taking of the note and its transfer by Putnam until afterwards, and then he ratified the taking of the note but repudiated the transfer to plaintiff. The plaintiff sued Kellogg upon the note. Kellogg thereupon paid the money into court and Thompson was substituted as a defendant.

*A. D. Wait*, for the appellant.

*A. J. Cheritree*, for the respondent.

LANDON, J.:

E. Putnam, in the sale of the coach to Kellogg, and in taking the note in suit, assumed to act as the agent of Thompson, the defendant, and to this extent Thompson ratified his action.   If the Glens Falls and Lake George Stage Company had any rights in the coach sold, as against Thompson, or separate from his individual rights, the company is not present in this action to assert them.   Putnam, in the sale of the coach, and the taking of the note therefor, did not pretend to exercise them or derive any authority under them.   Putnam, at least, could not dispute the agency he represented himself to exercise, and under which he obtained the note, and since the note was non-negotiable and stated his agency on its face, the plaintiff, as Putnam's transferee of the note, obtained no better or different title to it than Putnam himself had.   The plaintiff was a stranger to the making of the note and cannot vary its terms by parol. (*Coleman* v. *First Nat. Bank of Elmira*, 53 N. Y., 388.)   He took it subject to the defendant's right and title to it unless Putnam had the legal right to transfer to him the defendant's title.   Cases are cited to the effect that in the creation of an obligation an agent who signs his name to a note, in the body of which his principal is not named as the contracting party, does not purport to bind his principal by the addition to the agent's signature of the word agent, or president, etc., but really binds himself.   (*Barker* v. *Mechanics' Ins. Co.*, 3 Wend., 98 ; *Moss* v. *Livingston*, 4 N. Y., 208 ; *Dewitt* v. *Walton*, 9 id., 571.)

These are cases of negotiable commercial paper, in which, from the form of the obligation, it was held that nobody appeared to be bound but the person who signed or accepted it, and the rule was applied that a person not appearing to be a party to negotiable paper cannot be charged upon it. (*Briggs* v. *Partridge*, 64 N. Y., 357, 363.)   They are narrow cases and easily discriminated against. (*Bank of Genesee* v. *Patchin*, 19 N. Y., 312; *Bank of N. Y.* v. *Bank of Ohio*, 29 id., 619 ; *First Nat. Bank of Angelica* v. *Hall*, 44 id., 395.)   They do not touch the case of non-negotiable paper. (See cases cited in *Briggs* v. *Partridge*, *supra*.)   They do not touch

the payee of the paper. His rights, if any notice is given of them in the paper itself, must be respected to the extent, at least, that such notice fairly suggests them. This rests upon the general doctrine of notice, namely, that the party charged with it is put upon inquiry and is chargeable with a knowledge of all the facts that an inquiry properly made would have disclosed to him. (*Ellis* v. *Horrman*, 90 N. Y., 466.) The plaintiff, therefore, is charged with knowledge that the note belonged to the defendant. When he received the note from Putnam it was in part upon an agreement by which Putnam agreed to perform the work in carrying the mail which the plaintiff had undertaken to do. The stage line from Glens Falls to Lake George had been discontinued for two years. This mail route was on a different line of road. Putnam, in taking the mail route, did not assume to act for the defendant. There was no pretense of ostensible agency for defendant. The plaintiff, therefore, is charged with notice that Putnam was selling the note upon his private account, and hence in violation of the defendant's rights. And the finding of the court is that Putnam, claiming to own the note, sold it to the plaintiff, and that the plaintiff bought the note supposing Putnam to be the owner. The court also holds that on its face Putnam was the owner.

There is no occasion, therefore, to inquire under what circumstances Putnam could have transferred the note had he claimed to be acting as agent of the defendant. On its face he was a mere agent, and his representation that he was owner, contradicted the terms of the note, and the plaintiff relied upon such a representation at his peril.

The judgment should be reversed, new trial granted, costs to abide the event.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment reversed, new trial granted, costs to abide event.