CASCO NAT. BANK OF PORTLAND *v.* CLARK *et al.*

*(Supreme Court, General Term, Second Department.* May 9, 1892.)

1. NEGOTIABLE INSTRUMENTS—NOTICE OF EQUITIES—DIRECTOR OF BANK.

The fact that a director in a bank discounting a note is also a director in a corporation, payee of the note, is not sufficient to charge the discounting bank with notice of equities between the maker and payee.

2. SAME—OFFICIAL SIGNATURE—INDIVIDUAL LIABILITY.

A note was executed in the following form: "Three months after date we promise to pay to the order of C. & C. Ice Co. $7,500, at M. Bank; value received. [Signed] E. H. CLOSE, Treas. JOHN CLARK, Prest." The words "Ridgewood Ice Company" were printed across the end of the note. *Held,* that the note was the personal and individual obligation of the makers.

Appeal from special term, Westchester county.

Action by the Casco National Bank of Portland against John Clark and others. From a judgment for plaintiff, John Clark and Edwin H. Close appeal. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

*Henry Daily, Jr.,* for appellants. *Edward B. Merrill,* for respondent.

BARNARD, P. J.   On the 22d of March, 1890, the Clark & Chaplin Ice Company, of Portland, Me., agreed to sell to the Ridgewood Ice Company, of Brooklyn, N. Y., 10,000 tons of ice at $4 per ton.   On the 2d of August, 1890, there was sent to the Clark & Chaplin Ice Company, for ice delivered upon this contract, a note, of which the following is a copy:

Ridgewood Ice Company.

"$7,500.                                        BROOKLYN, N. Y., Aug. 2nd, 1890.

"Three months after date, we promise to pay to the order of Clark & Chaplin Ice Company seventy-five hundred dollars, at Mechanics' Bank; value received.                                        E. H. CLOSE, Treas.

"JOHN CLARK, Prest."

The Clark & Chaplin Company obtained the money on the note of the plaintiff a few days after it was received, and before its maturity, and without other information than is contained in the note and what is to be inferred from the fact that one Winslow was a director in the Clark & Chaplin Company, and also in the plaintiff's bank, where the note was discounted. The question is whether John Clark and E. H. Close, who signed the note, are personally and individually liable upon the note.   The plaintiff is a *bona fide* holder without notice of the facts in respect to the contract under which the note was made.   The fact that Winslow was a director in the payee company and in the bank is not sufficient to charge the bank with notice, unless Winslow was the agent for the bank in the transaction of the business. *Mayor, etc.,* v. *Tenth Nat. Bank,* 111 N. Y. 446, 18 N. E. Rep. 618; *Bank* v. *Savery,* 82 N. Y. 291; *Holden* v. *Bank,* 72 N. Y. 290.   The Ridgewood Ice Company is not liable upon the note.   The note does not purport to bind the company.   If the addition of the official character of the signers had not been added, the words "Ridgewood Ice Company," printed on the side of the note, would not bind that company.   The makers expressly promise to pay the note jointly, and, if they are not liable upon the note, there is no maker who is liable. *De Witt* v. *Walton,* 9 N. Y. 571.   The note must show on its face that it was signed for the principal and in some way in its name.   When an agent fails to designate a principal, he will be personally liable. *Pentz* v. *Stanton,* 10 Wend. 271.   It follows that the judgment should be affirmed, with costs.