THE CORTLAND WAGON COMPANY, Appellant, *v.* MARGARET LYNCH, Respondent.

*Action on a promissory note made by an agent — when the principal is not bound — he is only bound by a note of his agent setting forth the principal's name.*

The complaint in an action was based upon a negotiable promissory note, alleged to have been made by the duly authorized agent of the defendant, but which was not signed by the defendant, nor did anything appear in the body of the note or in the signature attached thereto indicating that it was the promissory note of the defendant. The plaintiff sought to recover solely upon the commercial character of the instrument set up in the complaint, which was executed by a person who added after his name the affix "Ag't."

*Held,* that although the person so signing the note was personally liable thereon, the plaintiff had nevertheless failed to establish a cause of action against the defendant.

The appellation by which the contractor may be distinguished in a contract is of no importance, provided it be sanctioned by him and be embraced in the power conferred on the agent, who, if he undertakes to obligate another, by note, bill of exchange or other commercial instrument, should manifest his purpose clearly and intelligibly, or his principal will not be bound.

A principal will not be bound by the contract of an agent, unless his name is set forth in the contract, or annexed to the signature of the agent, showing that it was the intention of the agent to contract for and on behalf of the principal; if the contract does not show this fact, the principal will not be bound, although the agent may be personally liable on the contract.

APPEAL by the plaintiff, The Cortland Wagon Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Cortland on the 11th day of July, 1894, upon the decision of the court rendered after a trial at the Cortland Special Term dismissing the plaintiff's complaint.

In the complaint it is alleged that on April 7, 1893, Thomas Lynch " was the duly authorized agent of the above-named defendant for the transaction of business, and had authority to act for and bind the above-named defendant. * * * On or about April 7th, 1893, at Brockport, N. Y., the above-named defendant, for value received, by her said agent, Thomas Lynch, made her promissory note in writing, dated that day, whereby, for value received, the above-named defendant promised to pay to the order of Fred R. Hixson the sum of $50.00 on November 1st, 1893, at the First National Bank, Brockport, N. Y., with interest thereon from the date thereof." It

is also alleged that the payee, Fred Hixson, before the note became due, for value received, indorsed the same and duly transferred it to the plaintiff, who became the holder thereof; and that the note, when due, was presented for payment and payment refused, and the same was protested. No other essential allegations are found in the complaint. The answer of the defendant, among other things, denies that "she made her promissory note on or about April 7, 1893, at Brockport, N. Y., in writing, dated that day, whereby, for value received, she promised to pay to the order of Fred R. Hixson the the sum of $50 on November 1st, 1893, at the First National Bank of Brockport, N. Y."

The trial court found as conclusions of fact:

"1. That on or about April 7, 1893, at Brockport, N. Y., Thomas Lynch made and executed a promissory note, in writing, of which the following is a copy:

"'$50.00.    BROCKPORT, N. Y., *April 7th*, 1893.

"'November first, I promise to pay to the order of Fred R. Hixson, Fifty Dollars, at the First National Bank, Brockport, N. Y.

"'Value received, with use.

"'THOMAS LYNCH, *Ag't.*'

"2. That said note was duly transferred to the payee, Fred R. Hixson, who, before the note became due, for value received, indorsed the same, and said note thus indorsed was thereafter transferred to the plaintiff.

"3. That after said note became due it was duly presented for payment at the First National Bank, Brockport, N. Y., and payment thereof duly demanded, which was refused, and thereupon said note was protested for non-payment.

"4. That the said Thomas Lynch was the husband of the defendant, and was at that time carrying on a retail hardware business at Brockport, N. Y., in defendant's name.

"5. That the consideration for said note was a road cart bought of Fred R. Hixson."

As conclusions of law the trial court found, viz. :

"Defendant is in nowise bound or made liable by the signature 'Thomas Lynch, Ag't.'

"2. A principal cannot be made liable on a written instrument

made by his agent unless it is shown in the body of the instrument or in the signature that the contract was made for and on behalf of the principal whose name was disclosed therein.

"3. The affix 'ag't' is merely descriptive of the person, and not of the character of the liability."

The court thereupon ordered judgment for the defendant.

*Kellogg & Van Hoesen,* for the appellant.

*Delbert A. Adams,* for the respondent.

HARDIN, P. J.:

Plaintiff's complaint is based upon a negotiable promissory note which is set out in the findings of fact made by the trial judge. The note was not signed by the defendant. Nothing appears in the body of the note or in the signature attached thereto indicating that it was the promissory note of the defendant. The complaint contains no allegations to support a recovery for the consideration entering into the note, and the plaintiff has rested its right of recovery solely upon the commercial character of the instrument declared upon and found to have been executed by Thomas Lynch, who added after his name the affix "ag't." Doubtless Thomas Lynch was personally liable upon the note. However, as nothing appears in the body of the note or in the signature placed thereto indicative of any liability on the part of the defendant, the plaintiff failed to establish a cause of action against her (*Taft* v. *Brewster*, 9 Johns. 334; *Guyon* v. *Lewis*, 7 Wend. 26; *Moss* v. *Livingston*, 4 N. Y. 208; *Bowne* v. *Douglass*, 38 Barb. 315), in which case INGRAHAM, P. J., points out the distinction between the maker of a note and the indorser of a note who adds words indicative of a special character after his name.

In *Pentz* v. *Stanton* (10 Wend. 271) it was held that in order to bind a principal "the agent in such case must either sign the name of the principal to the bill, or it must appear on the face of the bill itself, in some way or another, that it was in fact done for him, or the principal will not be bound; the particular form of the execution is not material if it be substantially done in the name of the principal."

In *De Witt* v. *Walton* (9 N. Y. 571) GARDINER, Ch. J., said: "The plaintiff has declared upon a promissory note as his only

cause of action. He must sustain his complaint by proof that the defendant was a party to the express contract upon which he has counted. He has given evidence tending to prove that Hoyt had authority to bind the defendant personally and legally under the designation of 'The Churchman.' But the contract produced is one according to which Hoyt assumes to pay, and signs his own name, with a statement appended that he is 'agent' for the 'Churchman.' This is not enough. The good sense of the many authorities upon this subject would seem to be that, where a party is sought to be charged upon an express contract, it must, at least, appear upon the face of the instrument that the agent undertook to bind him as principal. The appellation by which the contractor may be distinguished is of no importance, provided it be sanctioned by the principal and embraced in the power conferred upon the agent. * * * There is no great hardship in requiring that if one man undertakes to oblige another, by note, bill of exchange, or other commercial instrument, he should manifest his purpose clearly and intelligibly, or that his principal will not be bound, whatever may be the result in reference to himself." That authority has been cited in numerous cases decided by the Supreme Court and the Court of Appeals, and apparently remains unshaken. It was referred to with approval in a case decided by this court in 1876, entitled *Merchants' Bank* v. *Hayes* (7 Hun, 530), and after explaining the apparent deviation from that case by the court in deciding *Green* v. *Skeel* (5 N. Y. Sup. Ct. [T. & C.] 25), the learned judge adds : " We must, therefore, hold the law to be, that a principal is not bound by the contract of an agent, unless the name of the principal is set forth in the contract, or annexed to the signature of the agent, showing that it was the intention of the agent to contract for and in behalf of his principal. If the contract does not show this important fact the principal is not bound, but the agent may be personally responsible on the contract." (See page 535.)

The language of GRAY, J., in *C. N. Bank* v. *Clark* (139 N. Y. 310), seems to be applicable to the case in hand. He says : " Where a negotiable promissory note has been given for the payment of a debt contracted by a corporation, and the language of the promise does not disclose the corporate obligation, and the signatures to the

paper are in the names of individuals, a holder, taking *bona fide* and without notice of the circumstances of its making, is entitled to hold the note as the personal undertaking of its signers, notwithstanding they affix to their names the title of an office. Such an affix will be regarded as descriptive of the persons and not of the character of the liability. Unless the promise purports to be by the corporation, it is that of the persons who subscribe to it, and the fact of adding to their names an abbreviation of some official title has no legal signification as qualifying their obligation, and imposes no obligation upon the corporation whose officers they may be. This must be regarded as a long and well-settled rule." He then cites numerous authorities, among them *De Witt* v. *Walton* (*supra*). He then adds: "It is founded in the general principle that in a contract every material thing must be definitely expressed, and not left to conjecture. Unless the language creates or fairly implies the undertaking of the corporation, if the purpose is equivocal, the obligation is that of its apparent makers."

In the course of the opinion delivered in *Briggs* v. *Partridge* (64 N. Y. 363), in respect to circumstances under which parol evidence may be received where a parol executory contract has been made by an agent in his own name, ANDREWS, J., said: "There is a well-recognized exception to the rule in the case of notes and bills of exchange, resting upon the law merchant. Persons dealing with negotiable instruments are presumed to take them on the credit of the parties whose names appear upon them; and a person not a party cannot be charged upon proof that the ostensible party signed or indorsed as his agent." Among other cases cited by the learned judge to sustain that proposition is *De Witt* v. *Walton* (*supra*).

The doctrine of *De Witt* v. *Walton* (*supra*) is referred to by LANDON, J., in *Leavens* v. *Thompson* (48 Hun, 391), and after recognizing the rule laid down by that case and others, he says: "These are cases of negotiable commercial paper, in which, from the form of the obligation, it was held that nobody appeared to be bound but the person who signed or accepted it, and the rule was applied that a person not appearing to be a party to negotiable paper cannot be charged upon it." *Lerned* v. *Johns* (9 Allen, 419) asserts the same doctrine. (See, also 1 Daniel Com. Inst. [ed. of 1892] 278, §§ 300,

301, 303, 305; 1 Rand. Com. Paper, § 380; *Pumpelly* v. *Phelps,* 40 N. Y. 60.)

Appellant calls our attention to *Brown* v. *The Butchers & Drovers' Bank* (6 Hill, 443), which was a case where the indorsement was made with a lead pencil, and the party had used in place of his signature the figures 1. 2. 8, and evidence was given "strongly tending to show that the figures were in Brown's handwriting, and that he meant they should bind him as indorser;" and the court charged that if Brown used the figures, "intending thereby to bind himself as indorser, he was liable;" which charge was approved, and we see nothing in the case which sustains the position of the appellant.

Appellant calls our attention to *Commercial Bank of Buffalo* v. *Warren* (15 N. Y. 577), which was a case where one partner, without authority, and for his own exclusive benefit, indorsed a promissory note made by himself in the firm name, and the indorsee took the note with the full knowledge of the facts, and it was held that the co-partner whose name was used became liable by his ratification of the indorsement and his subsequent promise to pay the note. We find nothing in the case which supports the contention of the appellant that the note in suit is to be treated as the note of the defendant.

If the foregoing views are correct, the exceptions to the conclusions of law stated in the decision made by the Circuit Court present no error, and the conclusion reached at the Circuit must be approved.

MARTIN and MERWIN, JJ., concurred

Judgment affirmed, with costs.