(13 App. Div. 561.)

MANUFACTURERS' & TRADERS' BANK v. LOVE.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1897.)

BILLS AND NOTES—LIABILITY OF UNDISCLOSED PRINCIPAL.

 The holder of a promissory note can resort only to parties to the note named therein, and therefore, where the word "Agent" is affixed to the name of the maker, no principal being disclosed, the note cannot be enforced against another person as principal of the maker, except on proof that such person did

business in the name signed to the note, adopting it as his own, though the maker was designated as agent of such person by an affidavit filed under Laws 1893, c. 708, requiring persons conducting a mercantile business through an agent to file an affidavit disclosing the agency.

Appeal from trial term, Erie county.

Action by the Manufacturers' & Traders' Bank against Mabel C. Love to recover, on a promissory note. From a judgment dismissing the complaint on the merits, entered on a decision of the trial judge, plaintiff appeals. Affirmed.

The action was tried by the court, a jury being waived. The action was brought to recover of the defendant upon a promissory note which reads as follows:

"$201.93.                                         Buffalo, N. Y., May 3, 1895.

"Two months after date, I promise to pay to the order of Rice-Blake Lumber Company two hundred one and 93-100 dollars. Value received. At Bank of Buffalo, here.
         "[Signed]                                J. W. Johnston, Agent."

This note was executed by Johnston to the payees therein named for lumber purchased of them. Johnston was conducting a lumbering business in Buffalo. The payee indorsed and transferred this note to the plaintiff for value, before it was due. The defendant resided in Elmira, and was a stepdaughter of Johnston. On the 26th of January, 1894, Johnston and the defendant executed an instrument which is as follows:

"State of New York, County of Erie—ss.: John W. Johnston, Mabel G. Love, doth each depose and say that John W. Johnston is the agent for the said Mabel G. Love, and that the said Mabel G. Love is his principal in conducting a mercantile business at No. 124 Fillmore avenue, in the city of Buffalo, N. Y., as a general dealer in lumber in the said city of Buffalo, N. Y., and that the said John W. Johnston resides at No. 417 Pearl street, in said city, and the said Mabel G. Love resides at 957 Lake street, Elmira, N. Y.          J. W. Johnston,
                                                    "Mabel G. Love.

"Sworn before me, January 26th, 1894.
                                        "Fred L. Bennett, Notary Public."

This instrument was filed in the Erie county clerk's office on the said 26th day of January, and it was presumably executed and filed in pursuance of section 363a, c. 708, of the Laws of 1893, which is as follows: "(1) Any person now carrying on or conducting a general mercantile or manufacturing business within this state or hereafter commencing such business at or in a fixed location as agent or manager for another or others shall within thirty days after the passage of this act, or the commencement of such business, file a sworn statement, verified by such agent and principal or principals, in the county clerk's office of the county within which said business is carried on, stating the nature of the business and the full name and residence of such principal or principals." The act further provides that the principal executing such an instrument could be relieved from all liability for the further acts of the agent upon filing in the clerk's office where the original statement was filed a statement revoking such agency, to be acknowledged and to take effect 10 days after the filing, and to be published in three consecutive issues in a newspaper published in the county; and it was further provided that a person failing to make and file the statement first required should be guilty of a misdemeanor. The act does not provide as to the effect of the filing in regard to notice to the public. It does not appear from the record that the lumber company or the plaintiff had any notice of the instrument filed, or acted in any manner upon the faith thereof, nor had any knowledge that the defendant was the principal of Johnston in the business carried on by him, or was in any way connected with him. The record further discloses that, before the purchase of the lumber for which the note was given, the defendant in fact signed an instrument in writing, sufficient under the statute to revoke the agency, with instructions to have the same filed in the clerk's office, and

published the same in some newspaper, but it was never filed. The defendant defended, denying her agency and her liability, and the trial court held with her, which the appellant here insists was error, and its contention is that by force of the statute and of the instrument executed by the defendant, and filed in the clerk's office, the defendant is liable, irrespective of the question whether she had any real interest in the business, which it appeared she had not, or in any manner adopted the signature to the note as her own.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

August Becker, for appellant.
George C. Miller, for respondent.

WARD, J.   Whatever may be the rule as to other contracts not under seal, the law is firmly established in this state as to commercial paper that persons dealing with negotiable instruments are presumed to take them on the credit of the parties whose names appear upon them, and a person not a party cannot be charged upon proof that the ostensible party signed or indorsed as his agent. Briggs v. Partridge, 64 N. Y. 363, and cases there cited; Wagon Co. v. Lynch, 82 Hun, 173, 31 N. Y. Supp. 325; Bank v. Clark, 139 N. Y. 307, 34 N. E. 908.   It is also held that the negotiable instrument binds only the ostensible maker, though the word "Agent" is attached to his signature; no principal being named in the body of the instrument or indicated by the signature.   See the last two cases cited.   The law merchant surrounds the negotiable paper in the hands of a bona fide holder with a credit not given to other contracts, and protects him against hidden equities of which he has no notice, and permits him to recover against the party whose name is signed to the instrument, though there be attached to his name the word "Agent"; and he is not bound to search for a principal unknown to the instrument itself, nor can he do so. The rights of the holder are confined to the parties to the instrument, and he must rely upon them alone, except that he can establish that the name used as the signature to the instrument has been adopted by the assumed principal, or by the person not named in the instrument, as his own, in transacting the business.   This may be done.   A person may become a party to a bill or note by any mark or designation he chooses to adopt, provided it be used as a substitute for his name, and he intends to be bound by it. De Witt v. Walton, 9 N. Y. 574; Daniel, Neg. Inst. § 304.   The last-quoted authority says:

"But such liability exists only where it is affirmatively and satisfactorily proved that the name or signature thus used is one which has been assumed and sanctioned as indicative of their contract, and has been with their knowledge and consent adopted as a substitute for their own names and signatures in signing bills and notes."

No authority is given in the written instrument filed from the defendant to use the signature of "J. W. Johnston, Agent," as and for the defendant; nor is there any proof that, in fact, the defendant had authorized the use of that name as representing her in the business; and the case seems to stand upon the bare proposition

that although neither the plaintiff nor the lumber company had knowledge of the instrument filed in the clerk's office, and in no manner relied upon it, and had no knowledge, in fact, that the signature to the note in any manner represented the defendant, still the plaintiff had a right to go outside of the instrument, and explore for some undiscovered principal that the simple addition of "Agent" to Johnston's name might indicate, and, having found this instrument on file, could stand upon that and recover. We cannot concur in this view.

The appellant claims, also, that it was error to permit Johnston to testify that the defendant never had any interest in the business, and received no profits therefrom, and that a revocation of the agency was made in March, 1895, but not filed, over the objection of the plaintiff. The plaintiff had made Johnston its witness, and had gone into the relations existing between him and the defendant; and the court permitted him to testify on cross-examination to the matter objected to. Upon the facts we have narrated, if the reception of this evidence were error, it could not affect the result, as the defendant was not liable in any event so far as the case discloses, and it is therefore unnecessary to consider the matter further.

We have reached the conclusion that the decision of the trial court was right, and that the judgment should be affirmed. All concur.