(81 App. Div. 593.)

NATIONAL CITIZENS' BANK OF· CITY OF NEW YORK v. TOPLITZ.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. ACCOMMODATION NOTE—EXTENSION OF TIME OF PAYMENT—EFFECT.
    The maker of an accommodation note is not relieved from liability by an extension of time of ·payment without her consent; Negotiable Instrument Law, § 55 (Laws 1897, p. 728, c. 612), providing that the maker of an accommodation note is primarily liable, and section 3 providing that the person primarily liable on a negotiable instrument is absoluetly required to pay the same.

Appeal from Trial Term, New York County.

Action by the National Citizens' Bank of the City of New York against Emma Ida Toplitz. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

R. L. Sweezy, for appellant.
Charles Blandy, for respondent.

PATTERSON, J. On the 26th of December, 1899, the defendant made her promissory note, by which she promised, five months after date, to pay to the order of L. Toplitz, Son & Co. $5,000 at the Chemical National Bank, N. Y., for value received. The note was indorsed by L. Toplitz, Son & Co., and was discounted by the Ninth National Bank, to the rights of which bank the plaintiff has succeeded by con- · solidation of the two corporations.

This was an accommodation note, and when it was discounted by the Ninth National Bank that bank had full notice that it was an accommodation note. It was not paid at maturity, and at the request of the indorsers, for whose benefit it was discounted, the time of payment was extended without the knowledge of the maker. The complaint is in the usual form of an action upon a promissory note against the maker, with an admitted credit of $1,000 paid on account. The answer sets up that the note was delivered as an accommodation note for the express purpose of having the same discounted by the Ninth National Bank of the City of New York, and upon the distinct understanding that at its maturity it should be taken up and paid by the indorsers, and that· subsequent to the delivery of the note the Ninth National Bank had knowledge that it was given for accommodation, and that after its maturity the Ninth National Bank, without the knowledge or consent of the defendant, entered into an agreement by which it extended the time of payment of the note, and that for a certain fixed time it would not collect or enforce payment thereof.

¶ 1. See Bills and Notes, vol. 7, Cent. Dig. § 358.

When the case came on for trial, the facts set up in defense were admitted; and the simple question arising was whether, as to the plaintiff in the action, the defendant, the maker of the note, stood in the attitude of a surety, and was released from her obligation as maker of the note by reason of the extension of the time of payment given to the person for whose benefit the note was discounted, without her knowledge or consent. The trial judge held that the facts thus set up did not constitute a defense, and that the defendant was primarily liable as the maker of the note, notwithstanding the extension of the time of payment. In this ruling the trial court was right. Concededly, this was an accommodation note. It was given with the intention that the indorser should raise money on it on the liability of the maker, and the maker is liable primarily notwithstanding the knowledge of the holder that she was an accommodation maker only. Section 55, Negotiable Instrument Law (Laws 1897, p. 728, c. 612). This note was discounted on the credit of the maker, whose very purpose was to become absolutely liable. Thus she became primarily liable. There is no relation of surety. By section 3 of the statute relating to negotiable instruments, the person primarily liable is the one who by the terms of the instrument is absolutely required to pay the same, and all other persons are secondarily liable. No other question of liability can arise in this case than such as appears upon the face of the instrument. The case is entirely unlike that of Grow v. Garlock, 97 N. Y. 81, in which it was held, as between two debtors standing to each other in the relation of principal and surety, and the fact being known to a creditor, that creditor was bound to respect such relationship, no matter how or when it arose, or whether he consented to it or not. But the present case, if not determinable by the ordinary rules relating to negotiable paper, is controlled by the third section of the negotiable instrument law. The note was made by the defendant in order that the indorsers might receive money upon her credit. That is the very essence of an accommodation note. That credit was given, and the indorsers received the money. The maker was thus a principal debtor. She lost nothing by the extension of time to the indorser, for she had no right of action on the note itself as against the indorsers. She could not sue them on the note, and she lost nothing of her claim against them, for by paying the note at any time she could have maintained her action to recover from the indorsers notwithstanding the extension of the time of payment of the note by the bank. On the note itself the maker never could recover against the indorsers. It may be evidence of an indebtedness of them to her, the circumstances under which it was made being shown; but the liability of the indorsers to the maker would arise, not on the note, but out of the original credit given for their benefit, and her payment of money on their behalf.

The verdict for the plaintiff was properly directed, and the judgment should be affirmed, with costs. All concur.