Submitted on briefs June 27, decided July 16, rehearing denied Aug. 13, 1912.

## MURPHY v. PANTER.

[125 Pac. 292.]

BILLS AND NOTES—ACCOMMODATION PARTY—LIABILITY OF "ACCOMMODATION MAKER"—"PRIMARILY LIABLE."

1. Under Section 5862, L. O. L., defining an "accommodation maker" as one who has signed a negotiable instrument without receiving value, but providing that such person is liable to a holder for value, notwithstanding the holder knew him to be only an accommodation party, and Section 6023, defining a person "primarily liable" as one who is absolutely required to pay a negotiable instrument, and Sections 5952, 5953, providing for the discharge of a negotiable instrument by payment, and that a person secondarily liable shall be discharged by indulgence of the maker, an accommodation maker is primarily liable, and is not discharged, notwithstanding an indulgence to parties secondarily liable.

BILLS AND NOTES—ACTIONS—BURDEN OF PROOF.

2. When a defendant admits a cause of action and relies upon the defense of payment, he has the burden of proving that fact; and so a maker of a note who pleads payment has the burden of proving it.

EVIDENCE—PAROL EVIDENCE TO VARY WRITTEN INSTRUMENT.

3. The terms of a written assignment for the benefit of creditors cannot be varied by parol evidence of an understanding by the assignor that he was to be released from all indebtedness.

EVIDENCE—CONCLUSIVENESS ON PARTY INTRODUCING.

4. A party is bound by the testimony of his own witnesses.

APPEAL AND ERROR—REVIEW—VERDICT.

5. Under Article VII, Section 3, of the constitution as amended (Laws 1911, p. 7), providing that no fact tried by a jury shall be otherwise reexamined, unless the court can fairly say there is no evidence to support the verdict, a verdict in favor of the accommodation maker of a note, based on the plea of payment, cannot be remanded, where there is no evidence showing payment or discharge of the note.

APPEAL AND ERROR—REVIEW—DETERMINATION.

6. Under the direct provisions of Article VII, Section 3, of the constitution, as amended (Laws 1911, p. 7), the appellate court will, where all the testimony is in the record, enter the judgment which should have been entered below.

From Coos: JOHN S. COKE, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by W. H. Murphy against Thomas W. Panter, William A. Panter and William R. Panter.

The complaint alleges, in substance, that on May 1, 1908, at Bandon, Oregon, the three defendants, for a valuable consideration, made, executed, and delivered to Tillman & Bendel of San Francisco, California, their promissory note for the sum of $3,079.49, with interest at 8 per cent per annum, payable in 10 equal installments, the first installment to be paid on or before May 30, 1908, and the remaining installments on each and every month until the whole should be paid. Should default be made in the payment of any one of the installments, the balance should immediately become due. The note was indorsed to plaintiff by Tillman & Bendel. A payment of $923.80 was made in June, 1908.

The defendant William R. Panter answered, admitting the execution of the note. He denied that it was executed for a valuable consideration, that anything remained due thereon, or that he had any knowledge of the assignment of the note. For a further and separate answer, he alleged that the same was signed by him, without consideration, as an accommodation maker, with the understanding and upon the express condition with Tillman & Bendel that they would advise him of the nonpayment of any installment; that he was not so informed; that the time for the payment of the note was extended by Tillman & Bendel without his knowledge or consent. For a second separate defense, this defendant alleged that about the 24th day of September, 1908, defendants Thomas W. Panter and William A. Panter, as Panter Bros., made an assignment of all their stock of merchandise, fixtures, books of account, and cash on hand to E. H. Fahrbach, trustee, representing the San Francisco Board of Trade, in full discharge of all debts and liabilities of the firm, and for the benefit of Tillman & Bendel; that the latter firm has received payment and settlement in full for all debts against Panter Bros., including the note sued on; that the plaintiff was not a bona fide holder of the note, for value, in the usual course of business. This defendant alleged a third and separate defense as to the non-negotiability of the note. Counsel for plaintiff first moved to strike out, as irrelevant, the substance of the separate defenses. The court denied the motion to strike, as to the first and second separate defenses, and allowed the same as to the third. Thereupon plaintiff filed a reply, putting in issue the remaining new matter of the answer. The cause was tried before a jury, and considerable testimony admitted as to the defendant William R. Panter being an accommodation maker of the note, as alleged in the first

separate defense.   Afterwards the court instructed the jury, in substance, that such alleged facts did not constitute a defense to the note by this defendant.

REVERSED: JUDGMENT RENDERED FOR APPELLANT.

For appellant there was a brief over the names of *Mr. George P. Topping, Mr. A. J. Sherwood,* and *Mr. L. A. Liljeqvist.*

For respondent there was a brief over the names of *Mr. C. R. Wade, Mr. E. D. Sperry* and *Mr. F. J. Feeney.*

MR. JUSTICE BEAN delivered the opinion of the court.

At the time of the execution of the note, Panter Bros. had been doing business at Bandon, Oregon, for about three years.   Their account with Tillman & Bendel had become somewhat large and overdue.   William R. Panter signed the note in question as a joint maker, for the purpose of obtaining an extension of time and credit for his sons.

1. The negotiable instruments law defines what constitutes an accommodation maker, and specifies how negotiable instruments may be discharged.   Section 5862, L. O. L., is as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person.   Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

It is settled that, under the negotiable instruments law, the accommodation maker is primarily liable as a principal debtor, notwithstanding an indulgence given to the indorser or drawer for whose benefit he became a party to the instrument.   Sections 5952, 5953, 6023, L. O. L.; *Lumberman's Nat. Bank of Portland* v. *Campbell,*

61 Or. 123 (121 Pac. 427) ; *Cellers* v. *Meachem,* 49 Or. 186 (89 Pac. 426: 10 L. R. A. [N. S.] 133: 13 Ann. Cas. 997, and cases there cited).

The first separate defense could well have been stricken out, and may therefore be disregarded in the consideration of this case. The defendants requested several · instructions to the jury, which were refused by the court.

2. The tenth assignment of error is the giving of the following instruction, over the objection of counsel for plaintiff:

"The burden of proof is upon the party having the affirmative of the issue to make out the better case. As to the making of the note and the transfer of the same to the plaintiff here, and as to the payments thereon, if any payments were made, except as alleged in the complaint, the burden would rest upon the plaintiff; and, as to these affirmative allegations of the answer which I have stated to you, the burden would rest upon the defendant Wm. R. Panter to establish these by a preponderance of the evidence."

Counsel for plaintiff saved an exception to this instruction, and requested the court to instruct the jury to the effect that the note itself makes a *prima facie* case, and entitles the plaintiff to recover the amount due thereon; that to overcome this, or to make out a defense, the burden of proof is upon the defendant. This the court refused. The giving of the instruction, and the refusal of the court to instruct as requested, are assigned as errors. We think that the instruction as to the burden of proof upon the matter of payment was erroneous; and that the substance of the requested instruction should have been given. It is a well-settled rule that when a defendant admits a cause of action set out in the complaint, and relies upon the defense of payment, the burden of proof is upon him to establish that fact, though his adversary may negative it. 2 Greenleaf,

Evidence (16 ed.), § 516; *Curtis* v. *Perry*, 33 Neb. 519 (50 N. W. 426) ; *Wolfe* v. *Nall*, 62 Ala. 24; *Conselyea* v. *Swift*, 103 N. Y. 604 (9 N. E. 489) ; *Bradley, Wheeler & Co.* v. *Harwi*, 43 Kan. 314 (23 Pac. 566) ; *Willis* v. *Holmes*, 28 Or. 265, 269 (42 Pac. 989.)

3. Passing the other assignments of error, counsel for plaintiff moved for a new trial, for the reason, among others, that there was insufficient evidence to justify the verdict returned in the case by the jury, and assigns the denial of such motion as error. The second separate defense contains several details leading up to Panter Bros.' assignment which did not aid the pleading, and need not be noted. But it contains an allegation that the transfer was made in full payment of the note.

Referring to the testimony in support thereof, defendant Thomas W. Panter, one of the firm of Panter Bros., who appears to have had knowledge in regard to the negotiations relating to the execution of the note in suit, testified upon the trial that Panter Bros. made a bill of sale of their goods, wares, and merchandise to E. H. Fahrbach; that they delivered the same to Mr. Harmon, for the San Francisco Board of Trade, to secure all creditors in San Francisco and Coos County; that the same was turned over to Fahrbach for that purpose; and that he conducted a trustee's sale. He further testified as follows:

"I also had inserted in it that they were all secured by this bill of sale, my creditors in San Francisco and here also."

Mr. W. A. Panter, the other partner, testified that it was understood between R. B. Harmon, his brother, and himself that if they turned over all stock, fixtures, and book accounts they would be released of all indebtedness, and that if any money were left it should be returned to them after the bills were all paid; that those were the conditions of the assignment.

Panter Bros. estimated the value of their stock of merchandise, according to their last inventory, to be from $9,000 to $10,000, which, with the accounts and money on hand, they approximated at $15,000. They estimated their indebtedness at $8,000. The inventory made by the representative of the San Francisco Board of Trade was: Merchandise, $5,334.34; fixtures, $763; total, $6,097.34.

It appears that $308 was paid on the note in question May 30, 1908; that $638.15 was credited in July, by merchandise returned; and that a payment of $508 was made by the San Francisco Board of Trade, after the commencement of this action, as the share of Tillman & Bendel of the proceeds of the sale of the merchandise. Afterwards Panter Bros. filed a petition in bankruptcy, and most of the accounts were turned over to the trustee in bankruptcy.

4. The bill of sale is not contained in the record. There was no objection, however, to the evidence of one of the defendants that the bill of sale contained a statement that all of the creditors were secured. The whole force of the evidence is to the effect that the property was assigned to a trustee as security for the creditors. The understanding of the members of the firm that they were to be released from all their indebtedness must necessarily have been upon the condition that a sufficient amount should be realized from the property, and such an understanding would not change the effect of the transaction. The same should not be permitted to vary the terms of the written bill of sale. The evidence cannot possibly be construed to mean that the firm of Panter Bros. transferred the property in full payment of the note, or that they were thereby released from their indebtedness. This is the testimony of defendant William R. Panter's witnesses and sons, and he is bound

thereby. It is unnecessary to consider the evidence of the plaintiff upon this point.

5. Section 3, Article VII, of the constitution, as amended (Laws 1911, p. 7), provides in part that "no fact tried by a jury shall be otherwise re-examined in any court of this State, unless the court can affirmatively say there is no evidence to support the verdict." If there is no evidence to support the claim of defendants that the note was paid in full, the cause should not be remanded for a new trial. See *Gollnick* v. *Marvin,* 60 Or. 312 (118 Pac. 1016.)

We will assume, without deciding, that the representatives of the San Francisco Board of Trade, in negotiating for the assignment made by Panter Bros., were the agents of Tillman & Bendel; and also that defendant may make the same defense that he could have made, had Tillman & Bendel been plaintiffs, and give defendant the full benefit of all the testimony in relation to the transaction. None of the testimony indicates that it was the purpose or intent of the parties to the transaction that the assignment be made with the agreement, or upon the condition, that the debtors should be released from all their indebtedness or from liability upon the note. The bill of sale and the proceedings thereafter show to the contrary. There was no competent evidence tending to show that the plaintiff released either of the Panter Brothers from their obligations upon the note. Therefore there was no evidence to support the verdict, or to form a basis for remanding this cause.

6. It is admitted by defendant that he signed the note as a joint maker. No defense to the balance of the note, after deducting the payments above mentioned, has been shown by him. It appears that the defendant has no defense thereto. All the testimony in the case is attached to the bill of exceptions contained in the record. After

consideration of all the matters thus submitted, we are of the opinion that the judgment of the lower court must be reversed and changed; that a judgment should have been entered in the court below for the amount of the note, less such payments, which judgment is now directed to be entered in conformity with the further provisions contained in the above section of the constitution.

REVERSED: JUDGMENT RENDERED FOR APPELLANT.