CLAUSEN-FLANAGAN BREWERY, Appellant, *v.* GEORGE LUTHER, Respondent, Impleaded with RICHARD A. SULLIVAN, Defendant.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Statute of Frauds — when defense of, a bar — negotiable instruments — action upon promissory note — verdict.

> Where in an action upon a promissory note it is undisputed that the answering defendant signed the note for the purpose of having it held as security for the payment of all the indebtedness incurred by the non-answering defendant to plaintiff in a certain transaction, the answering defendant is primarily and not secondarily liable on the note and the Statute of Frauds does not apply.
>
> A judgment entered upon a verdict in favor of defendant on the ground that the note in suit was merely a part of a transaction which amounted to a guaranty, some essential terms of which were not in writing, making the defense of the Statute of Frauds a bar to the action, will be reversed and a new trial ordered.

APPEAL by plaintiff from a judgment of the City Court of the city of New York entered on a directed verdict.

Guggenheimer, Untermyer & Marshall (Laurence A. Steinhardt and Eugene Untermyer, of counsel), for appellant.

William Carl (James F. Donnelly, of counsel), for respondent.

FINCH, J. Action on a negotiable demand note for $500 made by both defendants to the order of the plaintiff. Defendant Sullivan defaulted in pleading,

and the trial proceeded against the defendant Luther alone.

In August, 1913, Sullivan took over a saloon on which plaintiff (a brewery) had a chattel mortgage. Plaintiff agreed to continue to supply the beer, pay excise tax, etc., if Sullivan would furnish security for the payment of all indebtedness thus incurred by it to the plaintiff. Sullivan accordingly procured Luther to furnish the security, and they went to plaintiff's office, where the note in suit was executed and delivered.

There is some dispute in the evidence as to whether Luther knew what he was signing; but it is undisputed that he signed and delivered the note for the purpose of having it held as security, and that there was no fraud or misrepresentation by the plaintiff. In the course of the next two years plaintiff supplied over $13,000 worth of beer, and there remains a balance due thereon of $917. There are also other items of indebtedness due to plaintiff from Sullivan.

The defendant Luther in his answer sets up as a second separate and distinct defense " * * * that the alleged promissory note mentioned and described in the paragraph of said complaint marked ' Second,' was given by this defendant to the plaintiff and was accepted by the plaintiff solely as collateral security for the payment of any indebtedness in an amount not to exceed Five hundred ($500) dollars, which the said defendant, Richard P. Sullivan, might thereafter incur with the plaintiff; that said alleged promissory note was a special promise by this defendant to answer for the debt of another person, to wit, the defendant, Richard P. Sullivan, and that said promise was not, nor was any note or memorandum thereof made in writing, or subscribed by the party to be charged therewith, to wit, this defendant or by his lawful agents.''

Supreme Court, Appellate Term, December, 1916.   [Vol. 97.

The court below directed a verdict for the defendant Luther on the ground that the note was merely a part of a transaction which amounted to a guaranty, and that some essential terms were not in writing, making the defense of the Statute of Frauds a bar. The Statute of Frauds, however, does not apply because Luther is, as to the plaintiff, primarily and not secondarily liable on the note. *National Citizens Bank* v. *Toplitz,* 81 App. Div. 593; *O'Brien* v. *Donnelly,* 169 id. 709. If the note had been given in payment for the beer, there can be no doubt but that the statute would not apply. The fact that it was only given as security does not change the fact that the obligation that the defendant assumed was a primary obligation to the plaintiff.

LEHMAN and WHITAKER, JJ., concur.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event.