[No. 2026, December 31, 1917.]

## FIRST SAVINGS BANK & TRUST CO. v. FLOURNOY.

### SYLLABUS BY THE COURT.

1. Under the uniform negotiable instrument statute the maker of a promissory note is "primarily liable" thereon,

First S. B. & T. Co. v. Flournoy, 24 N. M. 256.

though he signs only for accomodation. Hence, where the accommodation maker is sued on a note, he is not entitled to have the party for whose benefit he signed the note, such party not having signed the same, made a party to the action.        P. 260

2.  Under such statute (section 612, Code 1915) no person is liable on the instrument whose signature does not appear thereon, except as in such statute provided.        P. 262

3.  Under section 2750, Code 1915, a married woman may enter into any engagement or transaction respecting property which she might if unmarried. A promissory note is an engagement respecting property which a married woman may make, although it can be enforced only against her separate property; hence, where a married woman signs a note for her husband, as an accomodation maker, she is liable thereon, regardless of the fact that the note may have been executed for a community debt.        P. 263

Appeal from District Court, Bernalillo County; Leahy, Judge.

Action by the First Savings bank & Trust Company of Albuquerque against Jeanette W. Flournoy. From an order denying plaintiff's motion to strike part of defendant's evidence, and from an order requiring plaintiff to bring in another party defendant within a certain time, and otherwise dismissing the action, plaintiff appeals. Reversed and remanded, with instructions.

LAURENCE F. LEE, of Albuquerque, for appellant.

BARTH & MABRY, of Albuquerque, for appellee.

OPINION OF THE COURT.

ROBERTS, J.  April 21, 1915, Jeanette W. Flournoy, the appellee, made, executed, and delivered to the First Savings Bank & Trust Company of Albuquerque,

N. M., her negotiable promissory note for the sum of
$1,872.87. Said note was due and payable one, day
after date, and provided for interest at the rate of 8
per centum per annum. At the time the note in ques-
tion was executed, M. W. Flournoy was the presi-
dent of the appellant bank and the husband of appel-
lee, and as such official of the bank he secured the exe-
cution of the note. From time to time thereafter Mr.
Flournoy made certain payments on the note, amount-
ing in the aggregate to something more than 400. Mr.
Flournoy died in September, 1915, and his daughter,
Nell E. Flournoy Andros, was appointed executrix of
his last will and testament, and duly qualified as such.
On the 11th day of February, 1916, the appellant filed
suit against appellee to recover the balance due on said
note. The complaint was in the ordinary form. Appel-
lee answered the complaint, and admitted the execution
of such a note as described in plaintiff's complaint, but
alleged that it was wholly without consideration; that
said note was given by defendant herein upon the re-
quest and solicitation of plaintiff herein and one M. W.
Flournoy, plaintiff bank and trust company's vice pres-
ident and agent, in charge of said plaintiff. bank; that
said indebtedness was a debt of the marriage communi-
ty of M. W. Flournoy and the defendant; that there is
sufficient property to pay said debt or all such indebt-
edness; that the said M. W. Flournoy died at Albuquer-
que, N. M., in September, 1915; and that Nell E. Flour-
noy Andros is the duly qualified and acting executrix
of the estate of the said M. W. Flournoy, deceased, and
is a necessary party to a complete and equitable deter-
mination of the merits of this suit, and respectfully
prays that the said executrix be summoned to appear
and answer, and made a party defendant herein. Plain-
tiff bank in its amended reply denied all of said allega-
tions, except so much thereof as admits the execution
of said note, and that Nell E. Flournoy Andros is
the duly qualified executrix of the estate of M.
W. Flournoy, deceased. Upon the trial of the is-

sues thus formed plaintiff offered the note in evidence and rested. Defendant offered evidence in an attempt to prove the allegations contained in her answer. Plaintiff objected to the admission of any evidence tending to show the disposition made of the proceeds of the note. Plaintiff's objection was overruled, and evidence tending to show that defendant was an accommodation maker was introduced by defendant. Upon the close of the testimony offered by defendant, plaintiff moved to strike out all of the testimony introduced on behalf of the defendant as regards the Flournoy estate or as to what this money was spent for, that was advanced upon account of the note sued upon or what disposition was made of it and who received the benefit, for the following reasons: First, because it is irrelevant, immaterial, and incompetent, and does not constitute a defense to plaintiff's suit; second, because the question as to whether the property purchased with the proceeds of the note in question is wholly irrelevant and immaterial. Plaintiff's motion to strike was overruled, and the defendant then moved for judgment on the pleadings and evidence, which motion was overruled. At the close of the trial the court made the following findings of fact, conclusions of law, and judgment:

### "Findings of Fact.

"I. That the defendant executed and delivered to plaintiff on the 21st day of April, 1915, the promissory note set out in plaintiff's complaint, and that said note was given by the defendant herein upon the request of M. W. Flournoy, who was the husband of defendant, and who was president of the plaintiff corporation in charge of said bank, and that said note was executed to take the place of a note previously executed by said M. W. Flournoy to plaintiff, and to which note said M. W. Flournoy had, without the knowledge of defendant, but with the knowledge of the plaintiff, signed defendant's name, and that the said plaintiff, through its president, had knowledge that such note was used to purchase household furniture and to do repair work for the said M. W. Flournoy and the defendant herein, they then being husband and wife living together in the city of Albuquerque, N. M.; that the defendant herein received no consideration whatever for said note, except such benefit as she enjoyed as a member of the household

of the said M. W. Flournoy; that the proceeds of the money obtained from said note were expended for the benefit of the marriage community, and that this matter was known to plaintiff, and plaintiff had notice thereof through its president, and that the defendant did not receive any part of the proceeds derived from said note to her individual and separate use, and that the debt incurred by said note was a community debt of the said M. W. Flournoy and the defendant, Jeanette W. Flournoy."

"II.    That the said M. W. Flournoy, deceased, died in the month of September, 1915, and Nell E. Flournoy Andros is the duly qualified and acting executrix of the estate of M. W. Flournoy, deceased."

From the foregoing findings of fact the court reaches the following:

### "Conclusions of Law.

"That the Nell E. Flournoy Andros, executrix of the estate of the said M. W. Flournoy, deceased, is a necessary party to a complete and equitable determination of the merits of this suit in order that substantial justice may be obtained.    Wherefore, it is ordered that the said Nell E. Flournoy Andros, executrix of the estate of M. W. Flournoy, deceased, be made a party defendant in this action, and that plaintiff cause such executrix to be summoned to appear and answer herein within 20 days from the date hereof.    It is further ordered that in the event of the failure of the plaintiff to summon the aforesaid executrix within the said 20 days, then said action shall stand dismissed at plaintiff's costs.    To all of which findings and order plaintiff then and there by its counsel excepted."

[1]    From this order appellant prosecutes this appeal, and relies upon two propositions for a reversal, which are stated as follows:  First, can the sole maker of a promissory note avoid liability thereon, to a holder for value, by setting up the fact that he was an accommodation maker?    Second, can a person whose name does not appear upon a promissory note be charged with liability thereon?    Both these questions are settled by our negotiable instrument statute, of March 21, 1907 (section 623, Code 1915), which provides:

"Sec. 35.    An accommodation party is one  who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the pur-

pose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of making the instrument knew him to be only an accommodation party."

Crawford's Annotated Negotiable Instruments Law in Revised Uniform Edition, p. 118, § 60, says:

"The maker of a negotiable instrument by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse. * * * Under the statute the maker of a promissory note is 'primarily liable' thereon, though he signs only for accommodation." Vanderford v. Farmers' etc., Nat. Bank, 105 Md. 164, 66 Atl. 47, 10 L. R. A. (N. S.) 129; Richards v. Market Exchange Bank, 81 Ohio St. 348, 90 N. E. 1000, 26 L. R. A. (N. S.) 99; First State Bank v. Williams, 164 Ky. 143, 175 S. W. 10; Fritts v. Kirchdorfer, 136 Ky. 643, 124 S. W. 882; Murphy v. Panter, 62 Or. 522, 125 Pac. 292; Hunter v. Harris, 63 Or. 505, 127 Pac. 786, Cellers v. Meachem, 49 Or. 186, 89 Pac. 426, 10 L. R. A. (N. S.) 133, 13 Ann. Cas. 997; Wolstenholme v. Smith, 34 Utah, .300, 97 Pac. 329; Bradley Engineering, etc., Co. v. Heyburn, 56 Wash., 628, 106 Pac. 170 134 Am. St. Rep. 1127; First Nat. Bank v. Meyer, 30 N. D. 388, 152 N. W. 657; note to section 120, Crawford's Annotated Negotiable Instruments Law.

Words and Phrases, in volume 6, at p. 5550, says:

"A person primarily liable on an instrument is the person whom by the terms of the instrument is absolutely required to pay the same."

In the case of Murphy v. Panter, 62 Or. 522, 125 Pac. 292, the court said:

"The negotiable instruments law defines what constitutes an accommodation maker, and specifies how negotiable instruments may be discharged. * * * It is settled that, under the Negotiable Instruments Law, the accommodation maker is primarily liable as a principal debtor, notwithstanding an indulgence given to the indorser or drawer for whose benefit he became a party to the instrument." Sections 5952, 5953, 6023, L. O. L.; Lumbermen's Nat. Bank of Portland v. Campbell, 61, Or. 123, 121 Pac. 427; Cellars v. Meachem, 49 Or. 186, 89 Pac. 426, 10 L. R. A. (N. S.) 133, 13, Ann, Cas. 997, and cases there cited.

The Supreme Court of Utah, in the case of Wolstenholme v. Smith, 34 Utah, 300, 97 Pac. 329, said:

"The same question raised here was considered in the case of Cellars v. Meachem [49 Or. 186] 89 Pac. 426, 10 L. R. A. (N. S.) 133 [13 Ann. Cas. 997] and the conclusion was there reached that, under the new law, an accommodation maker was primarily liable, notwithstanding any knowledge the holder of the instrument might have had as to his relationship with the principal." National Citizens' Bank v. Toplitz, 81 App. Div. 593, 81 N. Y. Supp. 422.

Other cases of the same import are Vanderford v. Farmers' & Mechanics' Nat. Bank, 105 Md. 164, 66 Atl. 47, 10 L. R. A. (N. S.) 129, and Hunter v. Harris, 63 Or. 505, 127 Pac. 786.

It is clear, from the authorities as well as from the necessities of the case, that the mere grounds that a maker of a promissory note is an accommodation maker is no defense to that note against a holder for value. In the case at bar the defendant has set up no· defense whatever. The defendant does not seem to pretend that the fact that she was an accommodation maker is an absolute defense to the note, but alleges that she is entitled to have the executrix of the estate of M. W. Flournoy joined as a party defendant in this action upon a promissory note upon which neither the name of the decedent nor the executrix appears. Then it is very evident that the answer does not set up any defense to the note, but is an attempt to shift the responsibility of the note onto a person who is not a party to the note. From the facts and authorities stated above the district court should have rendered judgment upon the pleadings for plaintiff, as no defense to the note was offered. This disposes of the first question raised in this appeal.

[2] The second question, as stated above, raises the point as to whether or not the district court had authority to make the order compelling plaintiff to join the executrix of the estate of M. W. Flournoy as a party

defendant, when neither the name of the executrix nor that of the decedent appeared on the note. In examining the authorities we find that no person is liable on a negotiable instrument whose signature does not appear thereon. Section 612, Code 1915, provides:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he signed in his own name."

The statute merely confirms the law merchant. This has been a settled principle of law ever since negotiable paper has been used. An old case, which is one of the leading cases on this point, is Briggs et al. v. Partridge et al., 64 N. Y. 357, 363, 21 Am. Rep. 617, where the court says:

"Persons dealing with negotiable instruments are presumed to take them on the credit of the parties whose names appear upon them; and a person not a party cannot be charged upon proof that the ostensible party signed or indorsed as his agent." Barker v. Mechanics' Ins. Co., 3 Wend. (N. Y.) 94, 20 Am. Dec. 664; Pentz v. Stanton, 10 Wend (N. Y.) 271, 25 Am. Dec. 558; De Witt v. Walton, 9 N. Y. 571.

Crawford's Annotated Negotiable Instruments Law, at page 51, states:

Necessity for Signature.—Persons dealing with negotiable instruments are presumed to take them on the credit of the parties whose names appear upon them, and a person not a party cannot be charged upon proof that the ostensible party signed or indorsed as his agent." Manufacturers', etc Bank v. Love, 13 App. Div. 561, 43 N. Y. Supp. 812; Briggs v. Partridge, 64 N. Y. 363, 21 Am. Rep. 617.
"Under" this section, "a firm upon whom a draft is drawn by its commercial traveler is not liable thereon before acceptance by reason of any custom in previous years to honor such drafts." Seattle Shoe Co. v. Packard, 43 Wash. 527, 86 Pac. 845, 117 Am. St. Rep. 1064.

[3] In summing up we find the situation to be: A suit by plaintiff against defendant on a promissory note,

upon which note the defendant's is the only name that appears as a signer or indorser. The defendant for a defense alleges that the note was made for the joint benefit of her and her husband, so that she was only an accommodation maker, and prays that her husband's executrix be made a party defendant because the husband received benefit from the proceeds obtained upon the promissory note in question. This is clearly no defense in law upon a promissory note. If it were, it would do away with the very purpose of negotiable instruments.

Appellee does not take issue with the propositions of law advanced by appellant, and followed by this court, but says they are not applicable to the case at bar, for the following reasons:

First, "that the note was a community debt of M. W. Flournoy and the appellee"; and second, "that the executrix of the estate of M. W. Flournoy was a necessary party to the complete determination of the issues made by the pleadings, and that the court had authority to order the executrix made a party defendant."

As to the first proposition appellee says:

"The presumption is, that all debts contracted during marriage are community debts"—citing in support thereof Ballinger on Community Property, §§ 119, 149, 150, Strong v. Eakin, 11 N. M. 107, 66 Pac. 539, and Brown v. Lockhart, 12 N. M. 10, 71 Pac. 1086.

As to the second proposition she says:

"The executrix of the estate of M. W. Flournoy was a necessary party because appellee was a married woman under coverture at the time that she executed the note for her husband for the benefit of the community. She had no power to bind the community or to create a community debt except in so far as she was acting for her husband, who alone could bind the community. She was under all disability of coverture under the common law, except that she could, without the consent of her husband, convey her separate property or enter into any engagement or transac-

tion with him or others, respecting her separate property, which she might have done if unmarried."

"The obligation was the community debt of Flournoy, and there was enough community property to pay all the debts against the said estate, including that debt. And had Flournoy been living, he would have been a necessary party to the action, and, he being dead, and the community estate' being a primary fund for the payment of the debts of the community, the executrix of the estate of M. W. Flournoy is a necessary party for the payment of this community debt."

This argument is not sound, because of section 4, c. 37, laws 1907 (section 2750, Code 1915) which reads as follows:

"Either husband or wife may enter into any engagement or transaction with the other, or with any other person respecting property, which either might, if unmarried; subject, in transactions between themselves, to the general rules of common law which control the actions of persons occupying confidential relations with each other."

This section was either copied from California, or from some' other state which had copied the California statute. The courts, in all the states having this statute, or one substantially like it, have uniformly held that under it a married woman may enter into any engagement or transaction respecting property which she might if unmarried, and that a promissory note is an engagement respecting property which a married woman may make, although it can be enforced only against her separate property. In the case of Good v. Moulton, 67 Cal. 536, 8 Pac. 63, the court discussed the following instruction given to the jury:

"If the jury believe from the evidence that the note sued on, and introduced in evidence, was executed by Mrs. Lina Moulton for the accommodation of D. L. Moulton merely, and without consideration, and that at the time she was a married woman, and that the plaintiff knew such facts, then he cannot recover."

—and said:

"The instruction in effect told the jury that, if Mrs. Moulton was a married woman, and without consideration executed the note for the accommodation of D. L. Moulton, and the plaintiff knew these facts, then their verdict must

be for the defendants.  This was error.  In this state a married woman may enter into any engagement or transaction respecting property which she might if unmarried. Section 158, Civil Code.  A promissory note is an engagement respecting property which a married woman may make, though it can be enforced only as against her separate property.  Marlow v. Barlew, 53 Cal. 456; Alexander v. Bouton, 55 Cal. 15.  If Mrs. Moulton had been unmarried, she could have made a promissory note for the accommodation of her father without receiving any consideration for so doing, and the note so made, in the hands of one who received it for value, would, beyond question, have been valid and binding upon her, though the holder knew how and why it was made.  But the fact that she was married does not at all change the rule or limit her power in this respect."

In the case of Cooper v. Bank of Indian Territory, 4 Okl. 632, 46 Pac. 475, the court dealt with a similar question, under the same statute copied from California, and said:

"The California construction placed upon this statute is followed, and the case of Good v. Moulton quoted from and approved in the state of North Dakota in the case of Mortgage Co. v. Stevens [3 N. D. 265] 55 N. W. 579.  In this case the court said: 'This statute is very broad in its language.  It is true that the contract must be one respecting property, but we connot assent to the view that it must relate to the married woman's separate property.  It would have been easy to have said so in express terms, had such beeen the purpose of the lawmaking power.  When the Legislature has established the single and simple test that the contract must be one respecting property generally, we have no right to amend the law, and thereby inject into the act a further limitation which will exclude many contracts respecting property.  To add another limitation by interpretation would ignore the drift of legislation on the subject of the rights and liabilities of married women.' The state of South Dakota has also given to this statute the same construction as is given to it in the states of California and North Dakota.  See Mortgage Co. v. Bradley [4 S. D. 158] 55 N. W. 1108; Granger v. Roll [6 S. D. 611] 62 N. W. 970.  These several constructions of this statute of these three states are clear, positive, and uniform, and we are cited to the decisions of no state which, if it has the same statute, has given it a different construction; and, as these constructions harmonize, and give to the statute the obvious intention of the Legislature,

we can see no reason why the courts of this territory should depart from it. It would be an idle waste of time for us to review in this opinion the cases cited by cousel for plaintiff in error from the Supreme Courts of Michigan, Indiana, and Arkansas, in their attempt to show that a different construction from that to which we hold should be placed upon the statute in question. The very first reading of the statutes on which those decisions are based shows that they are not, in language, point or purpose, even similar to our statute. This statute, which the plaintiff in error asks us to construe against the right of Alma L. Cooper to bind herself by her contract, has susbstantially placed the wife on an equality with the husband in making property contracts. She can make them to the same extent, and with the same force and validity, that the husband can. And of course this carries with it the same duty and the same obligation to carry out and perform these contracts. For us to say that she cannot be required to perform these contracts would, for all future cases, at least, be to say that she has not the power to make them, for no sane person would enter into a contract with one whom the courts would say could not be required to perform it. Contracts are effectual only as they create binding obligations, and obligations are binding only where they can be enforced. We would be taking away a substantial right of the married women of this territory if we gave to this statute the construction asked for.''

The above quotation shows that both North and South Dakota courts have given the statute the same construction; and, our legislature having adopted this statute from one of these state, it is our duty to follow the construction placed upon it by the courts of the parent state, unless some good reason exists for the contrary view. This being true, under the foregoing decisions, the wife stands, in regard to this note, in the same position she would occupy were she unmarried. This being so, the fact the note was executed for a community debt becomes of no importance, and the argument advanced by appellee to sustain the order of the trial court is unsound. For the foregoing reasons it follows that the trial court erred in ordering appellant to make the executrix of the M. W. Flournoy estate a party defendant, and in default of so doing the action should stand dismissed.

The cause will therefore be reversed and remanded to the district court, with instructions to vacate the order and overrule the motion, and to enter judgment for appellant; and it is so ordered.

HANNA, C. J., concurs. PARKER, J., being absent, did not participate.