[No. 3217. Oct. 8, 1929.]

[Rehearing Denied Jan. 25, 1930.]

HARRIS v. SINGH et al.

[283 Pac. 910.]

Jones, Hardie & Grambling, of El Paso, Tex., W. C. Whatley, of ·Las Cruces, and E. R. Wright, of Santa Fe, for appellants.

S. P. Williams, of El Paso, Tex., and R. L. Young and H. B. Holt, both of Las Cruces, for appellee.

## OPINION OF THE COURT

WATSON, J. Defendant Argan Singh and interveners have appealed from a judgment in favor of J. A. Harris, plaintiff, upon promissory notes of $12,500 and $500, executed by defendant Rattn Singh, March 24, 1922, at Imperial, Cal. In the first count of the complaint appear usual allegations as to the execution and delivery of the $12,500 note by Rattn Singh, following which, in order to charge liability on the part of Argan Singh, the following allegations appear:

"VIII. That during the period of time commencing on or about the 1st day of February, 1919, and continuing thereafter and during all of the times hereinafter mentioned, defendants Argan Singh and Rattn Singh were copartners, doing a general farming business in the county of Imperial and state of California; that during the existence of said general copartnership it became and was necessary for the said copartners to borrow large sums of money to carry on said farming operations and to give notes, mortgages and other evidence of indebtedness and security for the repayment of the same; that in pursuance of said copartnership business the defendant Rattn Singh, being duly authorized by his said copartner, Argan Singh, so to do, and acting for and on behalf of said copartnership, did, for a valuable consideration, make, execute and deliver to the Farmers' & Merchants' Bank of Imperial, California, a banking corporation duly authorized and existing under the laws of the state of California, and conducting a general banking business at the city of Imperial, Imperial county, California, certain promissory notes; that under

and by virtue of the said notes and evidence of indebtedness the said Farmers' & Merchants' Bank of Imperial did loan to the said defendants large sums of money, which said sums of money were used by the said defendants in the conduct of their general copartnership operations.

"IX. That of the amounts so advanced and loaned by the said bank to the said defendants Argan Singh and Rattn Singh, as copartners, there remained unpaid to the said bank on the 24th day of March, 1922, the sum of $13,000.00; that on the said 24th day of March, 1922, the said Farmers' & Merchants' Bank of Imperial, did, for a valuable consideration, on the day last aforesaid, sell, assign, transfer and set over to the said J. A. Harris the said indebtedness remaining due said bank in the amount of $13,-000.00, and did then and there indorse, assign and deliver to the said J. A. Harris, plaintiff herein, the notes and securities representing said indebtedness held by said bank.

"X. That on the said 24th day of March, 1922, in order to renew and extend a part of the said indebtedness of the said Argan Singh and Rattn Singh, acting for and on behalf of himself and the said Argan Singh, with authority from the said Argan Singh so to do, made, executed and delivered to the said plaintiff, J. A. Harris, the promissory note hereinabove mentioned and set forth, which said promissory note is still had, held, possessed and owned by the said plaintiff, J. A. Harris. That the said Argan Singh and Rattn Singh have disposed of all property belonging to their said copartnership."

In the second count the same allegations appear with respect to the $500 note.

The demurrer of defendant Argan Singh was overruled, and, after trial to the court, the following material findings were made:

"I. That the defendants Argan Singh and Rattn Singh were copartners and as such operated certain farm ranches situated in the county of Imperial and state of California during the years 1919, 1920 and 1921.

"II. That the defendants are natives of India and belong to a certain tribe or sect known as Sikhs; that numerous natives of India and Sikhs were, during the years 1919, 1920 and 1921 engaged in farming in the Imperial Valley, California, and in the neighborhood in which the said defendants operated; that it was the custom, usage and practice of these natives of India, when they associated themselves together as copartners, to appoint one of their number to transact the business of the partnership; that Rattn Singh acted in this capacity in the transaction of the partnership business of the defendants Argan Singh and Rattn Singh.

"III. That for the use of the said partnership business and in operating the said farm ranches the said Rattn Singh acting for the said copartnership consisting of himself and the defendant Argan Singh, during the period of time commencing on or about the 1st day of February, 1919, and continuing throughout the years 1920 and 1921, borrowed large sums of money of the Farmers' & Mer-

chants' Bank of Imperial, California, and executed on behalf of
the said copartnership two promissory notes payable to the said
bank; that on the 24th day of March, 1922, the said promissory
notes were and remained unpaid, the aggregate amount due there-
on at that date being $13,000.00; that on the said 24th day of
March, 1922, for a valuable consideration, the Farmers' & Mer-
chants' Bank of Imperial, California, sold, assigned, set over and
delivered the said promissory notes to the plaintiff, J. A. Harris.

"IV. That on the 24th day of March, 1922, in order to renew
and extend the partnership indebtedness of the said Argan Singh
and Rattn Singh, the defendant Rattn Singh, acting for and on
behalf of himself and the said Argan Singh, and in accordance
with and pursuant to the aforesaid custom, usage and practice,
made, executed and delivered to the plaintiff the promissory note
for the principal sum of $12,500.00 mentioned and set out in para-
graph IV of the plaintiff's complaint.

"V. That on the said 24th day of March, 1922, the said co-
partnership was indebted to the said Farmers' & Merchants' Bank
of Imperial, California, over and above the amount of $12,500.00
set out in the first promissory note herein mentioned, in the addi-
tional sum of $500.00; that on the date last mentioned the said
bank, for a valuable consideration, assigned the amounts due it
from the said partnership and evidences thereof to the plaintiff;
that on the 24th day of March, 1922, in order to renew and extend
that part of said indebtedness which had not already been renewed
and extended by the promissory note for $12,500.00 above men-
tioned, the said Rattn Singh, acting for and on behalf of himself
and the said Argan Singh, and according to the custom, usage
and practice of the said partnership, executed and delivered to the
plaintiff the promissory note for $500.00 mentioned and set forth
in paragraph IV of the plaintiff's complaint.

"VI. That in executing and delivering the said two promissory
notes the said Rattn Singh did so in conformity to custom, usage
and practice of the said natives of India residing and operating
in the community and in conformity to usage and practice of the
said defendants in their partnership transactions."

Appellants first contend that Argan Singh, not
being a party to the note, cannot be held liable thereon.
They cite section 18 of the Negotiable Instruments Act
(Laws 1907, c. 83; Code 1915, § 612). They also cite
Luna v. Mohr, 3 Gild. (N. M.) 63, 1 P. 860, and Bank v.
Flournoy, 24 N. M. 256, 171 P. 793. If this contention is
sound, it is fatal to the judgment, since in that case the
demurrer should have been sustained.

Appellee seems first to contend that the liability of
Argan Singh may be established by proof that by course
of dealing, pursuant to local custom and usage, Rattn
Singh was vested with authority to act for the firm, did
act for the firm, and that the firm received the benefit.

This we cannot reconcile with the statute and decisions supra. The statute provides:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."

In Bank v. Flournoy, supra, we said that this was but declaratory of the law merchant. In that case we applied the general rule as against an offer to show that a married woman's signature to a note was intended to bind the community. Before the adoption of the statute, the territorial Supreme Court, having considered authorities on both sides of the question, had laid down the general rule as declared in the statute, and had applied it to exclude proof of intent to bind, as principal, one unnamed in a bill of exchange signed by another with the word "agent" following the signature. Luna v. Mohr, supra.

But appellee further contends that, under the circumstances shown in the findings, the name and signature "Rattn Singh" was to all intents and purposes the name and signature of the partnership. He cites a line of authorities largely collected at 8 C. J. 168; 47 C. J. 873, and in note, Ann. Cas. 1912A, 618, holding that, where the partnership adopts as its trade-name that of an individual member, proof may be received to show that the liability is actually that of the firm. Appellants concede the correctness of this principle. They contend, however, that it cannot save the judgment. In this we feel compelled to agree.

In the first place, such is not the theory of the complaint. It is not therein stated that the name and signature "Rattn Singh" are the firm name and signature. It is alleged that Rattn Singh "made, executed and delivered * * * his promissory note" in behalf and for the benefit of the copartnership, and by authority of his copartner.

In the second place, such is not the theory of the findings. The court found that, in executing and delivering the notes, Rattn Singh acted in conformity with custom, usage, and practice prevailing among Hindus engaged in farming in the Imperial Valley, when associating as co-

partners, "to appoint one of their number to transact the business of the partnership," and acted "in conformity to usage and practice of the said defendants in their partnership transactions."

It will not do to say that executing negotiable paper in the name of one partner for the benefit of the firm is the same as executing it in the partnership name. If it would, where is the distinction between the rule and the exception?

It will not do to say that selecting one partner to transact the partnership is an adoption of his name as that of the firm. The proof was evidently designed to show that Rattn Singh had authority to bind his firm by negotiable paper executed in his own name. That is the very thing this court has held could not be shown.

Under attachments issued in this case, property was seized as belonging to Argan Singh. The interventions grew out of adverse claims. The judgments against the intervening appellants necessarily fall with the main judgment.

The judgment must be reversed, and the cause remanded, with a direction to sustain the demurrer. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.

## ON REHEARING

WATSON, J. In the original opinion we inadvertently suggested that the admitted rule that proof may be received to show that a signature, apparently that of an individual partner, is in fact the adopted signature of the firm, is an exception to the general rule that a partnership may not be held liable upon a negotiable instrument over the signature of an individual partner, on proof that the transaction was for the benefit of the partnership and authorized by the other partners. Strictly it is not a case of rule and exception, but of two distinct rules. If the name and signature are in fact that of the firm, the firm may be held liable. If in fact it is the signature of the individual in behalf of the firm, then it may not be held

liable. Appellee's present contention may have been influenced by our former inaccuracy.

The basic contention on this motion is that the evidence clearly shows that all firm business was transacted in the name of Rattn Singh. That being true, it is argued, the name was to all intents and purposes the firm name, and only by "a refinement of technicality" could a reversal be based upon the failure of appellee to allege, and of the court to find, that the name of the partner had been adopted as that of the firm.

It may be admitted that there is slight practical difference between an agreement to transact all business in the name of one partner and the adoption of his name as that of the firm. Strictly it would seem that the law condemns the former and approves the latter. Whether we could overlook the technical difference, without throwing the law into confusion, we need not decide. The case does not require it.

Appellee's case is as lame under one theory as under the other. He failed to allege, and failed to have the court find, that all business of the partnership was, either by express agreement, or according to the local custom, conducted in the name of Rattn Singh. Moreover, we cannot agree that the fact was proven. The evidence does not thoroughly cover the point, no doubt because it was not a recognized issue. It does appear, however, that the lease under which the partnership farming operations were carried on was made in the name of both partners. It appears, also, that a $300 note which appellee claims was a partnership transaction, and was included in the renewals here sued upon, was executed by and in the name of Argan Singh.

So we are confirmed in our original view that appellee is here urging a principle not presented and a fact not litigated below, in the effort to support an erroneous judgment.

We feel constrained to overrule the motion; and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.